SAMUEL THOMPSON, *plff. in review, versus* SAMUEL HAZEN.

Under the Stat. 1838, c. 53, a person who is not allowed by law to collect his dues for medical or surgical services as a regular practitioner, cannot recover compensation for medical or surgical services, unless he shall have obtained a certificate of his good moral character, in manner prescribed by that statute, *previously* to the performance of the services. It is not sufficient, that it should have been obtained prior to the commencement of the suit therefor.

Nor can such person recover payment for such services under the provisions of Rev. Stat. c. 22, § 2, by having obtained a medical degree, in manner provided by that statute, *after* the performance of the services and *prior to* the commencement of a suit to recover the same.

THIS was a review of an action commenced by Hazen against Thompson to recover the sum of $29,45, alleged to have been rendered as a physician and surgeon. The precise time when, does not appear, but the services were rendered sometime between the first day of September, 1840, and the first day of August, 1841.

The parties agreed upon a statement of facts; from which it appeared that the services charged were performed; that Hazen attended two courses of medical lectures at Hanover and at Brunswick, in 1839 and 1840; that since the performance of the services and before the commencement of the original suit, Hazen has received from the selectmen of the town where he then resided, being a different one from that in which he lived when the services were rendered, a certificate that it had been satisfactorily proved, that Hazen was a person of good moral character; and also that he received from the

Medical Institution at Brunswick, in this State, a medical degree, his diploma being in the common form and bearing date September 1, 1841.

This statement was made in the District Court; and the parties there agreed, that if the plaintiff was entitled to recover, that the defendant should be defaulted; and if not, that the plaintiff should become nonsuit; and that either party might appeal.

*A. R. Bradley*, for the original defendant and plaintiff in review, contended that under the provisions of the St. of 1838, c. 353, the original action could not be maintained. The obtaining of the certificate is a condition precedent to the right of the plaintiff to " collect," or obtain payment for services as a physician and surgeon. A subsequent proceeding, cannot relate back to the commencement of an action, so as to make that a right of action which was not so, at its commencement. *Jackson* v. *Hampden*, 20 Maine R. 37; *Clark* v. *Peabody*, 22 Maine R. 500.

The St. of 1838, is repealed by Rev. St. c. 22, and another takes its place. This last statute affects the remedy only, and is retrospective in its operation. It includes all services of the nature described, for all past time; and in exact terms requires the certificate to be before performance of service. *Hewett* v. *Wilcox*, 1 Metc. 154; *Bigelow* v. *Pritchard*, 21 Pick. 169.

The object of these statutes was to guard against the evil effects of unskilful practitioners, and men of bad character. A man may acquire skill afterwards, and obtain a diploma, or may change his character or place of abode, and obtain a certificate. But this does not prove that the person was a suitable practitioner years before. Neither the certificate nor the diploma, obtained afterwards, will aid the plaintiff in his suit. The qualification to practice must exist at the time of the practice, and no after proceedings can enable him to recover payment.

*Hammons*, for the original plaintiff, remarked that the legislature had been continually enlarging the right of persons to re-

cover payment for medical services, and adverted to the acts upon the subject prior to the St. of 1838, c. 353. Under this latter statute, as well as under Rev. St. c. 22, § 2, the plaintiff seeks to recover.

In the absence of all statute provisions, Hazen would have a right at common law to recover. *Hewett* v. *Wilcox*, 1 Metc. 154.

The question then is, whether the certificate of good moral character from the selectmen is, under the second section of the Stat. of 1838, which was read and which is given in the first paragraph of the opinion of the Court, is a condition precedent to the performance of the services, or to the recovery of payment therefor. He contended, that it was sufficient, if the certificate was obtained prior to the commencement of the suit. No qualification as to skill is required and it is immaterial whether the certificate was a month before or after the performance. The moral character is of greater importance in the conduct of the man in the recovery of payment, than in the performance of services. The language of the statute plainly shows this to be the meaning. The word "*first*" must refer to the word "collect," and to nothing else without destroying the sense of the section; and the word "*resides*," is used, and not *resided*, as it would have been under any other construction. So the use of the word "*is*," confirms this view. The statute is remedial, restoring a right which had been taken away, and should be construed liberally; it is in derogation of the common law, and should be construed strictly.

The St. 1838 is repealed, it is true, as has been said, but the remedy is saved by the second section of the repealing clause. *Treat* v. *Strickland*, 23 Maine R. 234.

The original plaintiff is entitled to recover under the Rev. St. c. 22, § 2. It provides, that the disqualification to recover payment for services performed, shall not apply "to any physician or surgeon, who has received, *or may hereafter receive* a medical degree at some public institution within the United States." The original plaintiff had received a medical degree before the commencement of the suit.

Thompson *v.* Hazen.

The opinion of the Court was drawn up by

TENNEY J. — The statute of 1831, c. 489, provided, that no person, who should thereafter commence the practice of physic and surgery in this State, should be entitled to maintain any action or suit to recover a compensation for services rendered by him as a physician or surgeon within this State, unless he should have received a medical degree at some public institution within the United States, where degrees in medicine and surgery are usually conferred; and where at least the same qualifications are required as at the Medical School in this State; or have been licensed by the Censors of the Maine Medical Society. The first section of the statute of 1838, repealed the first section of the previous act; and the second section provided, " that no person other than those who are now by law allowed to collect their dues for medical services, shall be allowed to collect pay for any such services by him alleged to have been performed, unless he shall first obtain a certificate from the selectmen of the town, where he resides, that it has been satisfactorily proved, such person is of good moral character."

Did the legislature intend by the act of 1838, that those who had performed medical services prior thereto, without the qualification required by the act of 1831, should be enabled to enforce their contracts express or implied for such services, by having the certificates of the selectmen referred to? If the statute of 1838, had the retrospective operation contended for, it also had reference to medical services to be rendered after its passage. No distinction is made in the terms used in the act, between those, who had performed services before, and those who should render them after the statute. If the disability was removed thereby from the former, it was unnecessary that the latter should obtain the certificates in order to compel payment, till after the services. On this construction a good moral character was a prerequisite to the collection of a debt contracted, but was not required for the performance of the services, which created it. By this interpretation of the law, the object of the legislature was to give means to col-

lect debts arising at a time, when creditors were unable to enforce the payment thereof, rather than to guard the public against impositions, which otherwise might be practiced upon it by persons of immoral habits; for after the existence of the law, those who were entitled to such certificates could obtain them with the same facility before they should perform medical services as afterward.

It cannot be doubted, that it was the policy of the statute of 1831, to discourage from entering upon the practice of medicine and surgery, persons, who were deficient in professional knowledge and skill. The subsequent statute removed impediments before existing; but its authors were careful, that human health and life should not be exposed without some restraint, by being committed to the charge of the unprincipled and vicious, so long as the law should remain in force. It could not have been intended that persons destitute of the moral qualification required, should have full opportunity to enter professionally the families of the worthy, but unsuspecting, be admitted to the secrets, which the sick chamber must often entrust to them; and afterwards, by a real or pretended reformation, or by a removal to a distant part of the State, where their former character might be unknown, obtain their certificates, and then resort to the law for the collection of their debts for such services.

It is insisted in behalf of the original plaintiff, that by the rules of grammatical construction, the term *first* obviously refers to the words, *allowed to collect;* and that the words *resides* and *is,* being in the present tense, are consistent only with the construction contended for. The section is wanting in legal accuracy and precision. Nothing is said in reference to *suits at law or other legal proceedings,* to compel payment for medical services, of those who do not obtain certificates of good moral character from selectmen. The literal import of the language denies to such the power to *receive* payment, without suit, or even after judgment; for the word *collect* of itself is not synonymous with a commencement of a legal process. But it cannot be supposed that any thing

else was intended, than to deprive those, who had not the qualification, of the ordinary legal remedies. Independently, however, of the obvious intention of the legislature, the construction contended for, must be admitted to be the more natural and proper one, but the word *first* may refer to the preceding words, *alleged to have been performed*, which would render the whole in harmony, one part with the other. The succeeding words *resides* and *is* are used in reference to the time when a certificate is obtained, and whether it be before the service or the commencement of a suit are equally proper.

Again, it is contended, that the original plaintiff is entitled to recover by the Revised Statutes, c. 22, § 2, which provides, that the restriction in the foregoing section shall not apply to any physician or surgeon, who has received, or may hereafter receive a medical degree at some public institution, within the United States where such degrees are usually conferred, or may have been licensed by the Censors of the Maine Medical Society. The original plaintiff did not possess either of the qualifications mentioned in this section at the time the services sued for were performed, but he has been thus qualified since, and before the commencement of this action. Persons having the degree or license referred to, before or after this law took effect, are equally entitled to recover for their professional services, rendered subsequent to the receiving of such degree or license; but it cannot admit of the construction, that such qualification can entitle them to recover for labors previously performed and at a time when they may have been totally destitute of all medical or surgical knowledge, skill or experience.

The statement of facts in this case discloses satisfactory evidence, that the original plaintiff was in fact properly qualified to perform the services, which it is admitted he rendered; and there is reason to apprehend that the other party is resisting an equitable claim; but as it is not supported by the evidence of qualification in the one, who makes it, which the statute requires, it cannot be upheld.

*Original plaintiff nonsuit.*