## STATE *v.* HINMAN.

A statute which requires that certain persons, before practising dentistry' shall procure a license, and exempts others of the same class and profession, under similar circumstances, cannot be sustained under the constitution of this state or of the United States.

CLARK, J. This is an indictment under *c.* 132, Gen. Laws, for practising dentistry without a dental degree or license. The respondent demurred upon the ground that the statute is unconstitutional.

The object of the statute upon which the indictment is founded is to secure the possession of the requisite skill and learning by practitioners of medicine, surgery, and dentistry. The possession of such special qualifications as to knowledge and skill is so essential to the protection of the lives, health, and comfort of the people of the state, that it cannot be doubted that it is within the power of the legislature to secure it by the enactment of such reasonable conditions as are calculated to exclude from practice those unfitted therefor. *Hewitt* v. *Charier,* 16 Pick. 353; *State* v. *State Med. Ex. Board,* 32 Minn. 324; *Eastman* v. *State,* 109 Ind. 278.

Is the statute repugnant to the federal or state constitution in any of its provisions? It is contended that it is in violation of section 2 of article 4 of the constitution of the United States, and

of section 1 of the 14th amendment to the constitution, because it discriminates against persons engaged in the same business or profession, and denies to them the equal protection of the laws; and that it is in violation of article 2, part first, of the state constitution, which declares that all men have the natural, essential, and inherent right of acquiring and possessing property, and seeking and obtaining happiness.

Section 3 of *c.* 132, Gen. Laws, upon which the indictment is founded, provides that "It shall not be lawful for any person who is not duly authorized to practise medicine or surgery to practise dentistry, unless such person has received a dental degree from some college, university, or medical school authorized to confer the same, or shall have obtained a license from the New Hampshire Dental Society." Section 6 provides that "Each person receiving a license upon examination shall pay for the use of the society granting the same the sum of five dollars; upon diploma, one dollar." Section 8 declares that "The provisions of the preceding sections shall not apply to persons who have resided and practised their profession in the town or city of their present residence during all the time since January first, eighteen hundred and seventy-five, nor to physicians residing out of the state when called into the state for consultation with duly licensed physicians, or to attend upon patients in the regular course of business."

While the power of the legislature to impose restrictions upon the exercise of certain trades and professions for the protection of the public is unquestioned, it must be exercised in conformity with the constitutional requirement that such restrictions must operate equally upon all persons pursuing the same business or profession under the same circumstances. The constitutionality of a statute cannot be sustained which selects particular individuals from a class or locality, and subjects them to peculiar rules, or imposes upon them special obligations or burdens from which others in the same locality or class are exempt. Cool. Const. Lim. 391. The imposition of special restrictions or burdens, or the granting of special privileges to persons engaged in the same business under the same circumstances, is in contravention of the equal right which all can claim in the enforcement of the laws and in the enjoyment of liberty and the right of acquiring and possessing property.

If the statute had declared that its provisions should not apply to persons practising their profession in the city of Concord, such an arbitrary discrimination would be clearly repugnant to the principle of constitutional equality. The exemption of all physicians, surgeons, and dentists residing and practising their profession in Concord from the burden of procuring and paying for a license, and the subjection of all other persons practising the same professions elsewhere in the state to the expense of purchasing a

license, would be a palpable violation of constitutional rights. The exemption of the statute of persons who have resided and practised their profession in the town or city of their present residence during all the time since January 1, 1875, or during all the time from January 1, 1875, to January 1, 1879, from its operation, is no less in conflict with constitutional provisions. By an arbitrary test, having no reference to skill, learning, or fitness for the practice of the profession, certain persons are exempted from the payment of a license fee to which others of equal, and perhaps superior, acquirements and experience are subjected. It is a discrimination founded solely upon the accidental circumstance of residence or of a change of residence, and falls within the prohibition of the constitution.

The village of Penacook is partly within the limits of the city of Concord and partly in the town of Boscawen. Suppose that on January 1, 1875, two persons, neither of whom had received a dental degree, were residing and practising dentistry in that part of the village of Penacook within the limits of Concord; they continued in practice there until January 1, 1878, when both changed their place of residence, one removing a distance of six miles to the city of Concord, and the other removing a distance of a few rods to the Boscawen portion of the village of Penacook, and both have continued the practice of their profession in their respective places of residence ever since: under the provisions of the statute, the dentist who had removed his residence six miles is not required to procure a license, while the one who has removed a distance of a few rods is compelled to submit to an examination and pay a license fee of five dollars to enable him to continue the practice of his profession, because he changed his residence from Concord to Boscawen.

The statute also discriminates against citizens of other states. It does not apply to persons residing and practising their profession in the same town or city in this state from January 1, 1875, to January 1, 1879; whereas persons who have resided and practised their profession continuously since January 1, 1875, in the same town or city in another state are required, upon removing to this state, to procure a license to practise their profession.

The constitutional objection to the statute is, that it imposes the burden of a license fee upon certain persons, and exempts others of the same class and profession under similar circumstances and conditions. *Soon Hing* v. *Crowley*, 113 U. S. 703; *Yick Wo* v. *Hopkins*, 118 U. S. 356.

*Demurrer sustained.*

BLODGETT and CARPENTER, JJ., did not sit: the others concurred.

*Calvin Page*, for the defendant.

*Samuel W. Emery*, solicitor, for the state.