THE STATE OF KANSAS v. E. H. CREDITOR.

DENTISTRY — *Valid Statute.* Chapter 123, Laws of 1885, "An act to regulate the practice of dentistry, and to punish violators thereof," is not repugnant to either § 2 of article 4, or to § 1 of the fourteenth amendment of the federal constitution.

*Appeal from Sedgwick District Court.*

AT the January term, 1890, *E. H. Creditor* was convicted of a violation of the law in relation to the practice of dentistry. He appeals.

*Dale & Wall,* for appellant.

*L. B. Kellogg,* attorney general, for The State.

The opinion of the court was delivered by

JOHNSTON, J.: E. H. Creditor was convicted in the district court of Sedgwick county for practicing dental surgery without authority, and in violation of the provisions of chapter 123 of the Laws of 1885, entitled "An act to regulate the practice of dentistry, and punish violators thereof." He appeals, and challenges the validity of the statute. The act provides that it shall be unlawful for any person to practice dentistry or dental surgery without having a diploma from some reputable dental college, school, or university department, in which there was at the time the diploma was issued annually delivered a full course of lectures and instruction in dentistry

or dental surgery. It enacts that the requirement of a diploma shall not apply to those engaged in the practice of dentistry or dental surgery within the state at the time of the passage of the act. A board of examiners is created, who are granted authority to issue certificates to persons engaged in the practice of dentistry at the time of the passage of the act, and to decide upon the validity of such diplomas as may be presented for registration. All persons engaged in the practice of dentistry within the state at the time of the passage of the act are required to register their names and place of business with the board of examiners within six months, and when that is done the board is authorized to issue to such persons certificates authorizing them to continue the practice. All persons desiring to begin the practice after the passage of the act are required to present to the board of examiners a diploma or a duly-authenticated copy of the same, which, if found by the board to be valid, is accepted, and the person holding the diploma is granted a certificate authorizing him to practice. A charge of three dollars is made for the certificates issued to persons practicing in the state at the time the act is passed, and for the certificates issued to persons commencing to practice after the passage of the act a charge of ten dollars is imposed. It is finally provided that any person who engages in the practice of dentistry in violation of the provisions of the act shall be deemed guilty of a misdemeanor, and upon conviction shall be fined in a sum not less than $10 nor more than $100.

The appellant contends that the act is repugnant to § 2 of article 4 of the federal constitution, which declares that "the citizens of each state shall be entitled to all the privileges and immunities of citizens in the several states," and is also in conflict with § 1 of the 14th amendment of the constitution of the United States, which provides that "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States." The power of the legislature to regulate the practice of medicine, dentistry, or surgery, is undoubted; it is an exercise of the police power of

the state for the protection of the health and the promotion of the comfort and welfare of the people. It may provide that only those possessing skill and learned in these professions shall be permitted to practice; may prescribe the nature and extent of the qualifications required, and the rules for ascertaining and determining whether those proposing to practice come up to the statutory standard. If the regulations and conditions are adopted in good faith, and they operate equally upon all who may desire to practice, and who possess the required qualifications, and if they are adapted to the legislative purpose of promoting the health and welfare of the people by excluding from the practice those who are ignorant and incapable, then the fact that the conditions may be rigorous, impolitic and unjust will not render the legislation invalid. The authorities uniformly support the exercise of this power by the state, and statutes similar to the one under consideration have been repeatedly sustained. (*Dent v. West Virginia,* 129 U. S. 114; *The State v. Vandersluis,* Minn., 43 N. W. Rep. 789; *Hewitt v. Charier,* 16 Pick. 789; *Eastman v. The State,* 109 Ind. 278; *The People v. Phippin,* Mich., 37 N. W. Rep. 888; *Richardson v. The State,* 47 Ark. 562; *Ex parte Spinney,* 10 Nev. 323; *Harding v. The People,* 15 Pac. Rep. 727; *Antle v. The State,* 6 Tex. App. 202; *Musser v. Chase,* 29 Ohio St. 577; *Thompson v. Hazen,* 25 Me. 104; *The State v. Gregory,* 83 Mo. 123; *The State v. Med. Ex. Board,* 32 Minn. 324.) Although not specifically declared in the act, the manifest purpose of the legislature was to exclude from a profession requiring learning, skill and experience those who are unfit to practice, and thus protect the public from ignorance and incompetency. No arbitrary or capricious conditions are imposed. The profession and practice are open to every citizen of the United States who is qualified, and who can produce evidence of the same. The legislature saw fit to permit those practicing in the state when the act was passed to continue to practice without diploma or other evidence of competency. It may be, as contended, that the fact of being in the practice is not the best test or

evidence of skill and capability; but the courts have nothing to do with the expediency or wisdom of the standard of qualification fixed; nor with the tests adopted for ascertaining the same. The legislature proceeded upon the theory that the fact that they had been engaged in the practice within the state was sufficient evidence of their proficiency in the profession. This fact is made by the legislature an evidence of skill and competency equivalent to a diploma from a dental college; and the wisdom of either test is a question for the legislature and not for the courts. The act cannot be held to unduly discriminate between persons or classes, and unconstitutional because it exempts those engaged in the practice within the state when the law was enacted from the necessity of obtaining a diploma. (*Fox v. Territory*, 5 Pac. Rep. 603; *Ex parte Spinney*, supra; *The People v. Phippin*, supra; *The State v. Vandersluis*, supra.) All who enter the profession after the passage of the law are subject to the same conditions. No distinctions are made between citizens of this and other states. There is no discrimination between graduates from dental colleges in Kansas and those graduated from colleges located in other states or in foreign countries. No higher qualification is required nor any different test of competency prescribed, nor any higher charge for a certificate imposed on the appellant, who came into the state after the law was enacted, than was required of or imposed on one who resided in Kansas at that time but was not engaged in the practice of dentistry. It may be unfortunate for the appellant that he had not begun the practice in the state when the law was enacted, and thus have had that evidence of qualification essential to the obtaining of a certificate without a diploma; but when no more is required of him than is required of all other citizens of the United States proposing to begin the practice within this state, he has no cause to complain. A charge of $3 is made for a certificate issued to those who were practitioners when the law was passed; and, while a charge of $10 is made for a certificate to those who are not engaged in the practice, and who presented diplomas as evidence of their fitness, the

charges are trifling, and in each case it is probably commensurate with the trouble and expense of attending the examination and the granting of the certificate. Those who were practicing when the law was passed, obtained a certificate upon the mere registration of their names in a book provided by the board of examiners; but in the other cases the board is required to examine the validity of the diplomas offered as evidence of the qualification of the applicant, and the increased charge for a certificate in such case probably corresponds with the increased trouble and expense in making the inquiry. The difference in the charge is not an undue discrimination, and is not invalid, for the same reason that the exemption of those engaged in the practice from the requirement of the diploma does not render the act invalid.

The cited case of *The State v. Hinman*, 18 Atl. Rep. 194, is not an authority against the validity of our statute. The New Hampshire statute which was there held to be invalid was an act regulating the practice of dentistry. It required a dentist practicing in one part of the state to undergo an examination and to pay a certain license-fee, while dentists residing elsewhere in the state were exempted from these requirements. There was a discrimination between persons residing and practicing in the state, founded solely upon the accidental circumstance of residence, or a change of residence, and for that reason the statute was held to be unconstitutional and void. No such discrimination is found in our statute, and we do not think that it is repugnant to the federal constitution upon either of the grounds relied upon, and therefore the conviction of the defendant must stand.

Judgment affirmed.

All the Justices concurring.