## BLASS *v.* LEE.

Decided January 16, 1892.

1. *Attachment—Findings.*

The court's findings in the trial of an attachment are as conclusive as the verdict of a jury.

2. *Attachment—Fraud—Evidence.*

On the trial of an attachment, proof that, a few hours after the levy, defendant made a fraudulent disposition of her property (as by confession of judgment before the clerk in vacation in favor of certain creditors and consenting that execution issue forthwith and be levied on her property)[1] is not conclusive evidence that, at the time the attachment was issued, she contemplated making a fraudulent disposition of her property.

3. *Attachment—Amendment.*

An affidavit in attachment will not be considered on appeal as amended to conform to proof of a new ground of attachment, not existing at the time the original attachment was sued out, where there was no offer to amend at the trial and the affidavit was not treated as amended.

4. *Wrongful attachment—Damages.*

Where goods are seized and sold under a wrongful attachment which is subsequently dissolved, their value at the time of seizure with interest to the date of trial, less the sum for which they were sold, will constitute the measure of damages.

APPEAL from *Conway* Circuit Court.

JORDAN E. CRAVENS, Judge.

Gus Blass & Co. sued Mrs. A. Lee on an account and procured an attachment to be levied on a stock of goods, the affidavit alleging that she was about to sell, convey, or otherwise dispose of her property with the fraudulent intent to cheat, hinder and delay her creditors. Defendant controverted the ground of the attachment.

In support of the attachment the only material evidence was that, three or four hours after the levy of the attachment, defendant went before the clerk in vacation and confessed judgment in favor of several creditors, upon which

---

[1]NOTE—Since the adoption of the civil code, a judgment by confession before the clerk of the circuit court in vacation is void. (*Hare* v. *Hall,* 41 Ark., 372.) The Rev. Stat. permitted such a judgment to be entered. (*Pickett* v. *Thurston,* 7 Ark., 397.)—REP.

executions were, with her consent, issued forthwith and levied upon her property.

The court found the issue on the affidavit for attachment in favor of defendant, and discharged the attachment, and directed a jury to be empaneled to assess defendant's damages. The testimony showed that defendant's stock of goods, taken at cost prices, amounted to about $2200. They were sold by the sheriff for $1185. The court instructed the jury as follows: " In assessing damages you will allow her the difference between the value of the goods at the time they were seized and taken from her and the price for which they were sold by the sheriff, conceded to be $1185, as one item. In addition you will allow her the probable profits she might have derived from the sale of the goods in the usual course of trade from the time of the seizure to the present time."

The jury assessed defendant's damages at $1200. From this the court deducted the amount due plaintiffs, $525.13, and rendered judgment for the remainder. Plaintiffs have appealed.

*Caruth & Erb* for appellants.

1. The attachment, in view of all the circumstances, should have been sustained. The confession of the judgments before the deputy circuit clerk in vacation and causing executions to issue and be levied within a few hours after plaintiffs' attachment was a fraud in law, and sufficient to sustain the attachment. Bump on Fraud. Conv., 23.

2. The court erred in its charge as to the measure of damages. The cost price with carriage added is not the true standard of value. The proceeds arising from a sale ordered by the court are regarded as the cash equivalent. See Waples on Att., 296; 51 Ark., 583; 1 Suth. on Dam., 98. And it was gross error to add *probable profits* to cost and carriage. 34 Ark., 707.

*E. B. Henry* and *W. S. McCain* for appellee.

1. The evidence sustains the judgment dissolving the attachment.

2.   The instruction as to damages was an accurate state-
ment of the law.   9 Exch., 341 ; Wood's Mayne on Dam-
ages, secs. 13–14 ;  Field on Dam., sec. 255 ;  Sedg. on Dam.,
sec. 78 ;  15 Ark., 452 ;  44 Ark., 210 ;  1 G. Green (Ia.), 470 ;
22 Kas., 374 ;  17 Ala., 689 ;  5 R. I., 299 ;  114 N. Y., 572 ;
21 Mich., 542 ;  1 Suth. on Dam., 121 ;  34 Ark., 707.   But if
the court erred in allowing probable profits, a *remittitur* will
cure the error.

MANSFIFLD, J.

1.   The issue formed  by the counter-affidavit of the de-  1. Conclusive-
                                                              ness of findings
fendant,  denying the existence of  the ground on which the  in attachment.
attachment  was  obtained,  presented for  decision  but one
question, and that was, whether the defendant at the time the
attachment issued was " about  to sell, convey or otherwise
dispose of her property with the fraudulent intent to  cheat,
hinder  or  delay " her creditors, as  stated in the affidavit of
the plaintiffs.   In  trying this issue no  declaration of law
was made or refused, and  the court is therefore presumed
to have acted upon correct views of the legal principles ap-
plicable to the  facts.   The  finding of the  trial judge is as
conclusive as if it were the verdict of a  jury, and there is no
such lack of evidence to support it as would justify us in
setting it aside.   *Wolf* v.  *Gray*, 53 Ark., 75 ; *Hanks* v. *An-
drews, ib.*,  327 ;  *Riggan* v. *Wolf, ib.*, 537 ; *Robson* v. *Tom-
linson*, 54  Ark., 229.

It is argued that the finding was necessarily and grossly  2. Evidence
                                                              in    attachment
erroneous because the act of the defendant in confessing  discussed.
judgments before the clerk in vacation in favor of some of
her creditors was a fraud in law against the others, including
the plaintiffs.   But the court made no  finding, and properly
could have made none, except as to the specific ground of
attachment stated in the  plaintiff's affidavit.   The confes-
sion of judgments, having been made within a few hours after
the time when the attachment was sued out, tended to show
that, at the time it was issued, the defendant was, as charged,
about  to dispose of her property  with intent to defraud her

creditors. But of this fact the judgments were not conclusive evidence, and there is no contention that they were relied upon at the trial to prove any other.

3. Amending the affidavit in attachment.

The judgments were not valid; and as the disposition the defendant undertook to make of her property under them would necessarily have delayed and hindered her creditors, it was constructively fraudulent. Bump. on Fraudulent Conveyance, 22. Proof of the confession of these judgments and the seizure of defendant's property under them at her instance would therefore have warranted a finding that the defendant had disposed of her property with the fraudulent intent to delay or hinder her creditors. This was itself a ground of attachment under the statute. Mansf. Dig., sec. 309. But it was separate and distinct from that stated in the plaintiff's affidavit, and did not authorize the court to sustain the attachment unless the affidavit had been amended so as to embrace it. The statute expressly provides that the affidavit may be amended so as to embrace any grounds that exist up to the final judgment upon the attachment. But it also provides that if the amendment "embrace new grounds not existing at the time of suing out the original attachment and the attachment shall be sustained on such new grounds only, the lien shall exist on the property levied upon from the filing of the same." *Ib.*, sec. 315. This language seems to indicate that the statute does not authorize the court to sustain an attachment upon any ground not presented by the original affidavit or by an amendment thereof. In this case there was no offer to amend, and it cannot be said that the court erred in not directing the amendment upon its own motion. It is not contended that the original ground of attachment was treated as amended on the trial, and to so regard it here would be to determine the appeal on an issue not made in the court below. It follows that the judgment discharging the attachment should be affirmed.

4. Damages f or wrongful attachment.

2. The jury empaneled to assess the damages sustained by reason of the attachment were instructed, against the plaintiff's objection, to allow the defendant "the difference

between the value of the goods at the time they were seized.
and taken from her and the price for which they were sold
by the sheriff," and to allow her also "the probable profits.
she might have derived from the sale of the goods in the
course of trade from the time of the seizure" to the time of
the trial.  It is contended for the appellee that the allowance:
of probable profits, which the jury were thus directed to
make, is in accordance with the rule laid down by this court.
in *Holliday* v. *Cohen*, 34 Ark., 707.  This, as suggested by
counsel, was probably the view of the learned judge who
presided at the trial.  In the case referred to, the merchan--
dise attached was released within three or four days after it
was seized, and it does not appear that any damage was.
claimed for the loss of profits during that time.  But the
circuit court admitted evidence to show the loss of prospec-
tive profits resulting from injury to the defendant's credit;.
and this was held to be error on the ground that such losses
were too remote and speculative.  It does not appear, from.
the report of the case, that any proof was offered to show
that there was an actual loss of profits during the short time
the store-house and goods were in the possession of the.
the officer.  And there was certainly no express ruling:
that the "probable profits" of the defendant during the time
his business was closed could be ascertained by merely
showing the percentage at which the goods might have been.
sold above their original cost.  But if it be conceded that.
the opinion of the judge goes to this extent, the rule it an-
nounces was intended to have no application to cases where
the property is never restored to the defendant.  This is.
clearly shown by the subsequent case of *Boatwright* v.
*Stewart*, 37 Ark., 614.  In the latter case the court, in effect,.
approves the rule stated by Mr. Drake and other text writers
that where property is entirely lost by a wrongful attach--
ment, its value at the time it was seized, with interest to the
date of the trial, will constitute the measure of damages.
Drake on Attachment, section 179*a*; Sedgwick on Damages,.
vol. 2, sec. 565.  This rule, which seems to us more likely to.

accomplish justice in the cases to which it is applicable than any other, is not inconsistent with the defendant's right to recover the actual loss from being deprived of the use of his property when it is restored to him; since in recovering its value, where it cannot be restored, he is compensated for the loss of its use by the allowance of interest. *Reidhar* v. *Berger*, 8 B. Monroe, 160.

Under the rule stated above the appellee (if her right to damages was not affected by the levy of the executions) was entitled to recover the value of the goods at the time they were seized, with 6 per cent. interest thereon from that time to the date of trial, less the sum for which the property was sold by the sheriff, and deducting the amount of the plaintiff's debt. The court's charge permitted the jury to make a larger assessment, and was to that extent incorrect.

While it is apparent that the verdict was excessive, the evidence is not such as would furnish a safe guide in directing a *remittitur*. The judgment for damages will therefore be reversed, and the cause remanded for a new trial.

It is urged by counsel for the appellant that inasmuch as the defendant caused the goods to be levied on under executions issued on judgments confessed, she had no claim for damages. But as no question on this feature of the case was made in the court below, it has not been considered here..

COCKRILL, C. J., dissenting. On the conceded facts before the court on the attachment issue, the trial judge could have legally reached but one conclusion—that is, that Mrs. Lee had committed a fraud which would have justified a creditor in suing out an attachment against her. I understand that to be the decision of the court in this case. But Blass was a creditor, and had sued out an attachment, and yet it is adjudged that his attachment shall be dissolved. The reason assigned for dissolving his attachment is that he failed to ask leave to make an amendment, which the court had no discretion under the circumstances to refuse. The granting

of the leave must have gone for the asking. The duty of the court then was merely perfunctory. To set the performance of such a duty above the merits of a controversy is to set form above substance—to make the manner of performance more material than performance itself.

The affidavit for attachment had served its office in laying the foundation for the issue of the writ. After that it was only a pleading—it stood as the complaint in the attachment branch of the cause. It was the subject of amendment like any other complaint. It ought, then, according to familiar practice in this court, to be treated as amended to conform to the proof. The statute requires a complaint in an ordinary action to be sworn to. But that has never been held to prevent amendments by implication. If the plaintiff had amended his affidavit at the trial by substituting for the words "is about to defraud" the words "has defrauded," the judgment here would be different, without another line of proof. But the failure to make in writing this substitution must cause the plaintiff to lose the security he had obtained for his debt, and to be punished by a judgment for damages for doing that which the proof shows was justified. He suffers thus, not because he failed to establish his cause beyond all controversy, but because he neglected what was of no more practical utility than an obeisance to the trial court. I dissent.