METCALF *v.* JELKS.

Opinion delivered July 9, 1928.

1024

*Ernest Neill*, for appellant.
*Coleman & Reeder*, for appellee.

McHANEY, J. Appellant, Charles D. Metcalf, was, until it closed its doors and was taken over for liquidation by the Bank Commissioner in May, 1927, cashier of the Union Bank & Trust Company of Batesville, Arkansas. He was indebted to the bank at that time in the sum of $3,050 in his own name and $3,000 in the name of his wife and son. He was also indebted to the appellees in the sum of $1,232, as security for which they held 40 shares of the capital stock of said bank. The bank held no security for its debts. The debt to appellees being due, they demanded payment or additional security, the security held by them being worthless after the failure of the said bank. They asked for a mortgage on a part of his home place, but he declined to give it to them, and told them he had promised to let the bank have that, if necessary. His home place consisted of valuable real estate and improvements in the city of Batesville, the extent thereof being in excess of the constitutional limit for an urban homestead, a strip of ground 66x92 feet in size being in excess of the one-quarter acre, together with the improvements, to which he was entitled as a homestead exempt from execution under the law. Not getting any satisfaction about the payment of their indebtedness or security therefor, they sued out a writ of attachment, and caused same to be levied on this strip of ground on the 21st day of June, 1927, and alleged as a ground therefor that said appellant had sold, conveyed and otherwise disposed of a material part of his

property, and was about to sell, convey and otherwise dispose of his property with the fraudulent intent to cheat, hinder and delay his creditors in the collection of their just debts and demands. The appellees later amended their affidavit for attachment by stating that, since the issuance thereof, appellant Metcalf had executed and delivered a certain deed of trust, which constituted a conveyance or disposition of his property in fraud of creditors, and in law constituted a sale, conveyance or disposition of his property with the fraudulent intent to cheat, hinder and delay his creditors in the collection of their just debts and demands.

On July 20, 1927, appellant Metcalf and his wife executed a deed of trust covering the entire home place, including the strip of ground attached by appellees, to the Bank Commissioner to secure the indebtedness to the Union Bank & Trust Company above mentioned, in the sum of $6,050. Thereafter, in July, 1927, the Bank Commissioner sold and assigned all the assets of the Union Bank & Trust Company to appellant, North Arkansas Bank, including the notes and deed of trust of appellant Metcalf. Thereafter appellant North Arkansas Bank intervened in the attachment suit, setting up its mortgage and notes, in which it denied that Metcalf had sold, conveyed or otherwise disposed of his property, or a material portion thereof, or that he was about to do so, with the fraudulent intent to cheat, hinder and delay his creditors, and alleged that the attachment was wrongfully issued. Appellant Metcalf admitted the indebtedness to appellees, but denied that they had any ground of attachment. The case was tried to the court without a jury on the issues upon the attachment, and the court, after hearing the evidence, rendered judgment against Metcalf for the amount sued for, and sustained the attachment.

The only question necessary for our determination on this appeal is the correctness of the court's judgment in sustaining the attachment. The indebtedness was

admitted. It appears that all the property covered by the deed of trust now held by appellant North Arkansas Bank constituted the homestead of appellant Metcalf, with the exception of the strip of ground attached by appellee. It appears that appellant had no other property except his home place, a small sum of money coming to him from the sale of the water and light plant, and some worthless stock in the Union Bank & Trust Company. It further appears that appellant's homestead was worth approximately $12,000, and that he was indebted to the extent of $8,000 or $10,000. He was therefore insolvent, his homestead not being subject to execution and not being taken into consideration. Appellant North Arkansas Bank holds a valid mortgage on his homestead, which covers all improvements, which appears to be amply sufficient to cover his indebtedness to it. The court found that the attachment properly issued, and sustained it. If therefore there is any substantial evidence in the record to support the finding of the court that a ground for attachment existed, it is binding on this court on appeal.

In *Blass* v. *Lee,* 55 Ark. 329, 18 S. W. 186, Judge MANSFIELD, speaking for the court, said:

"The issue formed by the counter-affidavit of the defendant, denying the existence of the ground on which the attachment was obtained, presented for decision but one question, and that was whether the defendant, at the time the attachment issued, was 'about to sell, convey or otherwise dispose of her property with the fraudulent intent to cheat, hinder or delay' her creditors, as stated in the affidavit of the plaintiffs. In trying this issue, no declaration of law was made or refused, and the court is therefore presumed to have acted upon correct views of the legal principles applicable to the facts. The finding of the trial judge is as conclusive as if it were the verdict of a jury, and there is no such lack of evidence to support it as would justify us in setting it aside."

It is the proper practice for the court to determine this question, instead of submitting it to a jury. *Von Berg* v. *Goodman*, 85 Ark. 605, 109 S. W. 1006. However, no question is raised here regarding the failure of the court to submit the question to a jury. We are of the opinion that the court was justified in sustaining the attachment. Appellant Metcalf told the appellees he was under obligation to let the bank have his home place; that he would use the "water and light money" to pay other bills, and that they had their security, which consisted of the shares of stock in the defunct bank. He attempted to sell his home to the witness Hunter, and Metcalf himself admits that he was trying to sell it, but he says he was going to sell it for the purpose of paying his debts. It was amply sufficient to pay off all his debts.

"It is true," as is said in *Farris* v. *Gross,* 75 Ark. 391, 87 S. W. 633, 5 Ann. Cas. 616, "that the sale of property by an insolvent debtor in the usual course of trade is not ground for attachment; but when it can be shown that such sale was made for the fraudulent purpose of converting the property into money, so as to place it beyond the reach of creditors by execution or other process, it does constitute ground for attachment." And the latter is true, even though made in the usual course of trade and business. But a sale of his homestead in this instance would not be in the usual course of business. Metcalf was not a dealer in real estate, nor was he engaged in the business of buying and selling real estate. The major part of the value of his home place was his homestead, and, if he desired to devote it to the payment of all his debts, he could have conveyed it to a trustee for the purpose of sale and paying his debts, for which it was amply sufficient. But, instead of doing this, he attempted to convey it to secure the bank alone, and at a time, too, after the attachment had issued and the lien thereof attached. The necessary effect of this deed of trust on his home place was to put beyond the reach of appellees a means of collecting their debt. A person is presumed to intend the necessary and natural consequences of his voluntary

1028

act. Speaking of the question of intent, under the head of Attachment, 6 C. J. 58 lays down the rule as follows:

"The burden of showing a fraudulent intent upon the part of the debtor rests on the attaching creditor; but the question of when it was established, so as to justify the granting of a warrant or attachment, must depend largely upon the particular facts and circumstances of each case. It is not necessary that such intention should be positively proved, as it may be inferred from the acts and conduct of the party, by an application of the rule that a person is presumed to intend the necessary and natural consequences of his voluntary acts."

In *Winter* v. *Kirby,* 68 Ark. 471, 60 S. W. 34 this court said:

"The principle that every one is presumed to know the law may be a fiction only, but it is a fiction necessary to be kept up. Otherwise all government would be subverted in the futile efforts to execute its mandates. The kindred principle that every one is presumed to intend the consequences of his own acts is equally as important for its purposes."

Therefore when Metcalf executed the deed of trust on his property to the Bank Commissioner to secure his indebtedness to the Union Bank & Trust Company, he attempted to do an act that would necessarily hinder and delay appellees in the collection of their debt. True, the hindering of one's creditors from collecting their debts is not of itself sufficient to render the sale fraudulent, but only when accompanied by the intent to hinder and delay. And, while Metcalf testified that he had no intent to hinder and delay his creditors, he is presumed to intend the necessary consequences of his act, under the rule above announced.

Another rule established by this court is that the testimony of a party to an action, who is interested in the result, will not be regarded as undisputed in determining the legal sufficiency of the evidence. *K. C. S. R. Co.* v. *Cockrell,* 169 Ark. 698, 277 S. W. 7; *Gish* v. *Scantland,* 151 Ark. 594, 237 S. W. 98.

So, while Metcalf testified positively that he did not intend to hinder or delay his creditors, it cannot be taken as uncontradicted. When all the facts and circumstances in the case are considered, we cannot say that there was no substantial evidence on which the circuit court based its finding and judgment on the attachment.

Affirmed.