FRENCH v. BROWNING.

4-3134

Opinion delivered October 16, 1933.

998

O. T. Ward, for appellant.

Wm. F. Kirsch and Maurice Cathey, for appellee.

JOHNSON, C. J., (after stating the facts). But one question is presented on this appeal for determination, namely, was the assignment of the National Cottonseed Products Corporation mortgage by French to Burns fraudulent and void?

The chancery court of Clay County found that his assignment was fraudulent and void, and this judgment should be affirmed, unless the chancellor's findings are contrary to the clear preponderance of the testimony. Mente & Company, Inc. v. Westbrook, 181 Ark. 96, 24 S. W. (2d) 976.

This court has held that the intent to defraud creditors may be presumed from an act necessarily resulting in such hinderance. Metcalf v. Jelks, 177 Ark. 1023, 8 S. W. (2d) 462.

Again, this court said in the last case cited that the testimony of a party to an action who is interested in the result will not be regarded as undisputed in determining the legal significance of the evidence.

It would serve no useful purpose to detail the testimony presented to the chancellor. It suffices to give only a short statement thereof. French testified that Burns paid him more than $2,000 in cash as consideration for the assignment. Burns testified to practically the same statement of facts. Other testimony, however, shows that Burns was a renter and had been for a number of years; that he owned no real estate and but little personal property; that at numerous times during the past several years he was forced to borrow very small and insignificant sums of money from the banks in the vicinity; that

he had been a renter on French's farm for a number of years. On the other hand, the testimony shows that French was substantial in his dealings; that he carried very substantial balances in the banks in that vicinity; that he was a man of some means and no necessity appears for his negotiations with Burns. French and Burns were examined and cross-examined time and again in the presence of the court, and the contradictions and inconsistencies which appear from their testimony were entirely sufficient to warrant the trial court in disbelieving their testimony.

After carefully reviewing the transcript of the testimony, we cannot say that the chancellor's findings of fact were contrary to the clear preponderance of the testimony.

Decree affirmed.