HELENA WHOLESALE GROCERY COMPANY *v.* BELL.

4-4899

Opinion delivered January 17, 1938.

436

*Brewer & Cracraft,* for appellant.

*W. G. Dinning,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment in favor of appellee against appellant for $500 for injuries received by appellee occasioned by appellant's truck being negligently driven by a regular employee against the wagon of appellee on highway No. 20 near Helena, on the 12th day of December, 1936.

Appellant concedes that there is substantial evidence in the record tending to show that the driver of the truck negligently ran against appellee's wagon and injured him, but contends that there is no evidence in the record tending to show that at the time of the impact the driver was engaged in the prosecution of its business, but, on the contrary, that the undisputed evidence shows that the driver was using the truck on a mission of his own.

The only evidence in the record bearing upon this issue is that of the driver, William T. Lawhorn. He re-

sided at Barton about ten miles from Helena. He had been driving a truck regularly for appellant since in May, 1936, and had been delivering groceries for it on a regular route around Snow Lake extending out about forty miles from Helena. He would get through late and, instead of going back to Helena, was permitted to cut across the country to his home at Barton in the truck, and go back to Helena the next morning in the truck to begin work for the day. He worked in Helena two or three days and when he did so was permitted to go home in the truck and return the next morning in the truck to go to work. After appellee was injured the driver offered to assist in any way he could. He then went on home to Barton and returned to Helena the following Monday morning as usual to begin his work. The following questions and answers appear in the testimony of the witness:

### Redirect Examination

"Q. What time do you finish your work on Saturday? A. At different times. Q. On this particular Saturday? A. I would say around 5:30, I didn't notice the clock. Q. On your way home were you using one of the Helena Wholesale Grocer Company's trucks? A. Yes, sir. Q. Why did you happen to be using that truck? A. When I started to work, my run is down south of Helena, around Snow Lake, a lot of times I would get home late, and I would be allowed to cut through to home and go to work the next morning. On the few days that I was working in town I had been allowed to carry the truck home, just through courtesy, so I could get home. Q. Mr. Faulkner had let you take the truck home so you could come back the next morning, he didn't say so in so many words, but that was what you were doing? A. Yes, sir."

### Re-Cross Examination

"Q. Did you have any merchandise in the truck? A. No, sir. Q. You were just using it as a means of getting yourself home, were you? A. Yes, sir. Q. And that was with the tacit consent of the Helena Wholesale Grocer Company? A. Yes, sir. Q. Then you did take the truck home and you would bring it back the next

morning in order that you might be at the place of business in time to take it out? A. Yes, sir. Q. Then you would have the truck with you so you could load up and get out? A. Yes, sir. Q. There was no delay in getting on the road if you had the truck with you? A. No, sir."

### Redirect Examination

"Q. He was under no obligation to furnish you transportation home? A. No, sir. Q. He did that just as a matter of courtesy? A. Yes, sir."

Appellant contends that the testimony of the driver does not show that appellant permitted the driver of his truck to keep said truck at his home at night for the convenience of the defendant company and, failing to so show, the driver was not engaged in the prosecution of the business of appellant while driving said truck to his home. We think the evidence tends to show that it was for the benefit of appellant for the driver to take the truck to his home and keep it overnight. This permission was granted to the driver during the entire time of his employment. The route out from Helena for the delivery of groceries extended nearly forty miles, and the driver did not get through making the deliveries until very late since he was not required to return to Helena at the usual quitting time. Appellant got the benefit of longer hours by allowing the driver to cut across the country to his home at Barton instead of quitting and driving back to Helena. Appellant also got the benefit of free garage service, and it also enabled its driver to get back to Helena for his duties promptly at the beginning of the day, and to drive the car directly to the warehouse of appellant for loading. The driver only worked during the period of his employment two or three days in Helena, and on those days he was permitted to drive the truck out home for the purpose of keeping it overnight and returning to his work the next morning. The evidence did not constitute an occasional lending of the truck to go home for a meal or for some other independent purpose of his own. We think the jury were warranted, and reasonably so, in drawing the inference from

the evidence that appellant's permission to take the truck to the driver's home every night was for the convenience and benefit of said appellant, and that on account of this convenience and benefit the driver was engaged in the prosecution of the business of appellant while driving said truck to his home. The court declared the law to be that, if the jury found from the evidence that appellant permitted the driver of the truck to keep said truck at his home at night for the convenience of appellant, then the driver would be engaged in the prosecution of the business of appellant while driving said truck to his home. There is no dispute in the evidence that appellee was injured by the truck at a time it was being driven home by the regular employee of appellant.

The law was correctly declared, and there is ample and substantial evidence in the record tending to show that at the time the driver drove the truck against appellee's wagon he was engaged in the prosecution of the business of appellant. No error appearing, the judgment is affirmed.

BAKER, J., dissents.