C. J. HORNER COMPANY *v.* HOLLAND.

4-7373                                                180 S. W. 2d 524

Opinion delivered May 29, 1944.

*Martin, Wootton & Martin,* for appellant.

*Jay M. Rowland,* for appellee.

HOLT, J. Appellee sued appellant for damages resulting from an injury to a Neon sign owned by appellee and extending from the front of his property. Appellee alleged that on April 30, 1943, appellant's truck, while being driven by an employee engaged in appellant's business at the time, negligently ran into a Neon sign belonging to appellee, doing damage in the amount of $300. Appellant answered with a general denial of liability and further defended on the ground that appellee was guilty of "contributory negligence in hanging the sign over the public highway, and that portion of the street paved and used as a public highway, contrary to law, etc." By agreement, the cause was submitted to the trial court sitting as a jury, and there was a finding in favor of appellee in the amount of $136. From the judgment comes this appeal.

For reversal, appellant contends first, that the evidence is insufficient to support the verdict and specifically appellant argues that its truck driver, Holland McLean, was not driving the truck at the time appellee's sign was damaged; that McLean was not engaged in any business for appellant at that time, and that, in fact, Helen McLean, the wife of Holland McLean, was driving the truck in question at the time of the injury to the sign.

The facts are that Holland McLean, at the time of the injury to appellee's sign, was in appellant's employ as truck driver. Appellant maintained a warehouse in Hot Springs and another in Glenwood, where it kept feed

and groceries. McLean lived out on highway No. 70, across the river, and hauled feed and groceries for appellant between Hot Springs and Glenwood. For appellant's interest, and the convenience of the truck driver and appellant, appellant permitted McLean to take the truck home with him at night, and says appellant, C. J. Horner, "Yes, it is customary where you have a run like that, for the driver to keep the truck in the vicinity where he lives and travel in it. Keeping the truck out there at Mr. McLean's house was for your convenience, too, to save time, wasn't it? Oh yes, it was a matter of convenience." On the afternoon when the damage to the sign occurred, the truck driver, McLean, started home with the truck along state concrete highway No. 70 at about 3 o'clock, after having sparkplugs installed, in the motor, at a repair shop.

Velma Conine, an eyewitness, testified that the truck hit appellee's sign between 3:30 and 4 o'clock, that the truck belonged to appellant, and that a man was driving the truck at the time. Against this testimony, appellant's witness, Helen McLean, testified that she, dressed in overalls and wearing a driver's cap, was driving the truck between 2 and 3 o'clock of that same afternoon, that she drove by appellee's sign and that she does not know whether she hit it or not. The truck driver, McLean, denied hitting the sign.

The law applicable to facts such as we have here is well settled. We held in *Carter Truck Line* v. *Gibson*, 195 Ark. 994, 115 S. W. 2d 270, (Headnote 3), "The test of the master's liability for the negligence of his servant is not whether the act complained of was committed while the servant was in his employ, but whether it pertains to something incident to the employment and which it was the servant's duty to perform, or was for the master's benefit." See, also, *Lindley* v. *McKay*, 201 Ark. 675, 146 S. W. 2d 545.

In *Helena Wholesale Grocery Company* v. *Bell*, 195 Ark. 435, 112 S. W. 2d 416, (Headnote 1), it was held: "Where appellant employed a person to drive his truck

in delivering groceries some 40 miles from the store, and the driver who lived some miles from the store was permitted to go home at night in the truck and return the next morning to his work in the truck, he was on business for appellant when, on returning to his home in the evening, he negligently ran into the wagon of appellee injuring him, since it was for the benefit of appellant that the driver go to his home in the evening and return to work the next morning in the truck,'' and in the opinion, it is said: ''We think the jury were warranted, and reasonably so, in drawing the inference from the evidence that appellant's permission to take the truck to the driver's home every night was for the convenience and benefit of said appellant, and that on account of this convenience and benefit the driver was engaged in the prosecution of the business of appellant while driving said truck to his home.''

Guided by these rules of law, we think there was substantial evidence here upon which the trial court based its decision, and we do not disturb that finding.

Appellant also contends that there can be no recovery because, as he says, ''the sign in front of appellee's place of business was a sign suspended over a public highway. It was, therefore, incumbent upon the owner of said sign to place same at a sufficient height that it would not be damaged by the use of this paved area by the general public, by the use of standard vehicles thereon,'' and that appellee failed to comply with the provisions of § 6802 (a) of Pope's Digest, which required the sign to be not less than 12 feet, 6 inches above the highway unless a notice was posted indicating a lesser height and therefore that appellee could not recover under § 6809 which provides: ''(b) Any person driving any vehicle, object or contrivance upon any highway shall be liable for all damages to structures spanning the highway or a part of the highway by reason of load heights in excess of that which such structure will permit, when the clearance height of such structure is posted, and in any event where the height of the vehicle and load is in

excess of 12 feet, 6 inches. . .. (d) Such damage may be recovered in a civil action brought by the authorities in control of such highway or highway structure." We think, however, that these sections of the highway statute have no application here, for the reason that the sign in question was the personal property of appellee, erected in front of his building, 15 feet from the edge of highway No. 70. The purpose of the above sections of the highway statute is to give to the state "authorities in control of such highway or highway structure" a right to recover damages in a civil action against any person who, while driving any vehicle upon any highway, damages "structures spanning the highway or a part of the highway by reason of load heights, etc." As indicated, the sign involved here was the property of appellee and was 15 feet away from the highway's edge, and the statute does not apply.

Finding no error, the judgment is affirmed.