ALBERT L. MEYER v. BILLY J. BRADLEY; ST. PAUL FIRE & MARINE INS. CO.

5-4647 . 433 S.W. 2d 160

Opinion Delivered November 4, 1968

*Cockrill, Laser, McGehee, Sharp & Boswell* for appellant.

*Howell, Price & Worsham* for appellee.

JOHN A. FOGLEMAN, Justice.    Appellant Meyer contends that the trial court abused its discretion in granting appellee's motion for a now trial on the ground that the jury verdict in this case was against the preponderance of the evidence.    The circuit judge relied on Ark. Stat. Ann. § 27-1901 (Repl. 1962), which states that a new trial may be granted for the cause, among others, that the verdict or decision is not sustained by sufficient evidence.    Appellant contends that the trial court abused its discretion because the evidence in this case is virtually undisputed and the preponderance so clearly in support of a jury verdict denying recovery to either party.    We find no abuse of discretion.

The litigation arose because of an automobile collision at the intersection of Frank and Sixteenth Streets in North Little Rock.    Appellant Meyer was driving south on Frank in his pickup truck and appellee Bradley was driving his car east on Sixteenth Street.    There were no traffic controls at the intersection of these streets.    The corner to Meyer's right and Bradley's left was slightly terraced, and there was shrubbery on the lawn at that corner, obstructing the view of both drivers to some extent.    Meyer approached the intersection not only without slackening his speed, but he actually accelerated his vehicle as he went through the intersection.    He stated that he was not familiar with the neighborhood and had not previously crossed the intersection.    He testified that he never saw the Bradley

vehicle until after the impact of the collision as he was about to leave the intersection, but admitted that there was a point a car length from the intersection at which he could see 75 to 100 feet up the street to his right. He said that he looked and there was nothing there. He also testified that he could see 75 feet down Sixteenth Street to his right when he was 30 feet from the intersection. According to him, he looked first to his right, then to his left, and proceeded, looking straight ahead and without looking again to the right. He never applied his brakes. After the left front of Bradley's vehicle struck the right front wheel and fender of Meyer's pickup truck, the latter traveled 80 to 85 feet east over the curb at the southeast corner of the intersection, through a hedge and across a lawn, and stopped on the porch of a house at the corner. Meyer said that he was traveling at a speed of 30 to 35 miles per hour as he approached the intersection and at about the same speed when struck. Bradley estimated the speed of the Meyer pickup truck, when he first saw it, at 35 to 40 miles per hour.

Bradley testified that although he was sure he had been by the intersection before, he did not travel there every day. Bradley also testified that he approached the intersection at a speed of 20 to 25 miles per hour and saw the Meyer vehicle approaching at a distance of three or four car lengths from the intersection. He stated that although he had not previously taken his foot off his accelerator, he immediately applied his brakes and skidded into the intersection. After the impact, the Bradley vehicle spun to the right and back up against the curb. Bradley estimated that he was 45 feet from the intersection when he saw the Meyer pickup. He skidded 40 feet to the point of impact.

It may well be that the trial judge came to the conclusion that the acts of Meyer in approaching a partially "blind" intersection without decreasing his speed until he had a clear view to his right from which direc-

tion there might be an approaching vehicle to which he owed the duty of yielding the right-of-way and in actually accelerating his speed as he entered the intersection constituted greater negligence than any negligence on the part of Bradley in not decreasing his speed upon approaching the intersection. The judge might well have felt that Meyer's testimony that he looked to his right, where he had a clear view for 75 to 100 feet upon approaching the intersection, was not worthy of belief in view of his failure to see the Bradley vehicle at any time before the impact, his accelerating his speed upon approaching the intersection, and failing to apply his brakes.

While appellant makes much of the fact that the Meyer vehicle traveled more than 80 feet into the porch of a house on the corner, he does not take into consideration the fact that Meyer never applied his brakes, but attributes this movement entirely to the speed of Bradley's vehicle which had skidded 40 feet before the impact.

We have long adhered to the rule that the trial judge has control of the verdict of the jury after it has been rendered, and that he is vested with the power to set a verdict aside on account of errors committed by the jury. Because his opportunity for passing on the weight of the evidence is far superior to ours, we will not interfere with his judgment unless his discretion has been manifestly abused. *Bowman* v. *Gabel*, 243 Ark. 728, 421 S.W. 2d 898. We cannot say that there was a manifest abuse of discretion here.

Appellant argues that we should reverse the trial court because: (1) There is not the sharp conflict in the testimony characteristic of our previous decisions and the fact questions involved only the inferences to be drawn from the testimony, (2) the case is governed by *Missouri Pac. R.R. Co.* v. *Brewer*, 193 Ark. 754, 102 S.W. 2d 538, where the granting of a new trial was held

to constitute an abuse of discretion, and (3) our rule is wrong and should be abandoned.

The same reasoning applies to the drawing of inferences from the testimony as applies to resolution of conflicts therein. It is difficult to understand how it could be determined whether a verdict was sustained by sufficient evidence without considering the inferences which might be drawn from the testimony. Furthermore, there was no testimony on the issue of liability other than that of the parties. The testimony of neither could be taken to be undisputed or uncontradicted. *Metcalf* v. *Jelks,* 177 Ark. 1023, 8 S.W. 2d 462; *French* v. *Browning,* 187 Ark. 996, 63 S.W. 2d 647; *Ball* v. *Hail,* 196 Ark. 491, 118 S.W. 2d 668.

We think there is a clear distinction between this case and *Missouri Pacific* v. *Brewer, supra.* There the trial judge made an extensive statement as to his findings as a basis for granting a new trial, in which he totally ignored evidence tending to support allegations of negligence on the part of the plaintiff and a jury finding that the plaintiff's negligence was equal to that of the defendant. Specifically, the trial judge made no finding to the effect that on the whole case the verdict of the jury was against the preponderance of the evidence or that the weight of the evidence sustained the allegation of negligence on the part of the defendant. Under these circumstances the majority, in spite of a vigorous dissent by three members of the court, held that there was an abuse of discretion in that the court's action was "improvident" or "thoughtlessly exercised" and without due consideration. We find nothing comparable here.

For the reasons stated in such cases as *Blackwood* v. *Eads,* 98 Ark. 304, 135 S.W. 2d 922; *Twist* v. *Mullinix,* 126 Ark. 427, 190 S.W. 851; *Bowman* v. *Gabel,* 243 Ark. 728, 421 S.W. 2d 898; *Yarnell Ice Cream Co., Inc. of*

*Williamson,* 244 Ark. 893, 428 S.W. 2d 86, and many others, we adhere to the rule heretofore followed.

The judgment is affirmed.