Jerry D. FUNK *v.* Delbert R. DEAVERS

CA 81-105                                        621 S.W. 2d 882

Court of Appeals of Arkansas
Opinion delivered October 7, 1981

*Burris & Berry,* by: *John Burris,* for appellant.

*Dan M. Orr* and *H. David Blair,* for appellee.

LAWSON CLONINGER, Judge. Appellant Jerry D. Funk appeals from the decision of the trial court granting appellee Delbert R. Deavers' motion to set aside a jury verdict and grant a new trial. The jury found appellant and appellee equally at fault in a personal injury action and denied damages to appellee.

We hold that the trial court did not abuse its discretion in granting the motion and we affirm.

Appellee was operating his automobile west on a through street in Mammoth Spring and collided with the automobile driven by appellant which was proceeding north on a street marked by a "yield" sign. There was little conflict in the testimony and neither of the parties saw the vehicle of the other until the collision or immediately prior to it.

Ark. Rules of Civil Procedure, Rule 59 (a) governs when a motion for a new trial may be granted by the trial court, and provides:

> (a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues on the application of the party aggrieved, for any of the following grounds materially affecting the substantial rights of such party; . . . (6) the verdict or decision is contrary to the preponderance of the evidence or is contrary to the law; . . .

In *Garrett* v. *Duckett,* 252 Ark. 233, 478 S.W. 2d 48 (1972) a motion for new trial based on the old rules of civil procedure was granted by the Court. The case is factually similar to the instant case and the old rule of civil procedure

is identical to the new rule governing new trials. The Arkansas Supreme Court stated:

> . . . we only reverse the ruling of the trial judge in setting aside a verdict he finds to be against the preponderance of the evidence when we find that the trial judge has abused his discretion. . . .

> A trial judge has the advantage of observing the demeanor of witnesses as he hears their testimony before a jury, whereas we must read their testimony from the printed page. Consequently, we do not pass upon the weight of the evidence in determining whether a trial judge has abused his discretion in setting aside a jury verdict and granting a new trial, for we recognize that his opportunity for passing on the weight of the evidence is far superior to ours, and we will not interfere with his judgment unless his discretion has been manifestly abused. *Meyer* v. *Bradley*, 245 Ark. 574, 433 S.W. 2d 160 . . .

> We have held that the trial court has inherent power during the term to set aside its own judgment and that we will sustain the trial court's judgment in doing so unless the verdict is so clearly supported by the preponderance of the evidence as to indicate abuse of discretion on the part of the trial judge. *Bobbitt* v. *Bradford*, 241 Ark. 697, 409 S.W. 2d 339.

In *Ferrell* v. *Whittington*, 271 Ark. 750, 610 S.W. 2d 572 (1981), the trial court denied appellant's motion for a new trial, and, in affirming, the Supreme Court stated:

> The case is argued as if the test on review were whether the trial court abused its discretion in denying the motion. True, that is the test when the trial judge *grants* such a motion, finding the verdict to be contrary to the preponderance of the evidence. *Smith* v. *Villarreal*, 253 Ark. 482, 486 S.W. 2d 671 (1972). But the trial judge is in a far better position than we to weigh the evidence, which he has heard; so if he *denies* the motion we determine only if the verdict is supported by

substantial evidence. *Brady* v. *City of Springdale*, 246 Ark. 1103, 441 S.W. 2d 81 (1969).

The issue on this appeal is whether the trial court abused its discretion in finding that the jury verdict was contrary to the preponderance of the evidence. We find no abuse of discretion and the judgment is affirmed.