BUNCH *v.* JOHNSON.

## Opinion delivered April 21, 1919.

1. EJECTMENT—TITLE OF PLAITIFF.—In a suit in ejectment in which the record does not show that plaintiffs or their grantors were ever in the actual possession of the land in question, plaintiffs must depend for recovery upon the strength of their record title, and not upon the weakness of defendant's title.

2. EJECTMENT — SUFFICIENCY OF DESCRIPTION.—The description of land in a judgment in ejectment as "four-fifths of the east half of section 27, township 15 north, range 10 east, 256 acres," is insufficient to identify or locate "the south one-fifth of the east one-half of section 27, township 15 north, range 10 east."

3. PUBLIC LANDS—TITLE OF LEVEE DISTRICT—DONATION ACT.—Land could not pass to a levee district under a donation from the State where the State had previously sold it to another.

4. DEEDS—DESCRIPTION OF LAND—SUFFICIENCY.—A description in a deed as "south part of southeast quarter of section 27, township 15 north, range 10 west, 55 acres," is not sufficient to designate "the south one-fifth of the east one-half of section 27, township 15 north, range 10 east."

5. DEEDS—AFTER-ACQUIRED TITLE.—Where the grantor in a quitclaim deed had no interest in the property described therein at the time of its execution, but subsequently acquired title, such title did not inure to the benefit of his grantee.

Appeal from Mississippi Chancery Court, Chickasawba District; *Archer Wheatley,* Chancellor; affirmed.

*R. A. Nelson,* for appellants.

Appellants claim title as heirs of Minerva Bunch and also through their deed from the St. Francis Levee District. The appellees claim through the confirmation of title in A. J. Johnson in 1915 and also by estoppel of appellants' ancestor by *laches.*

1. Appellants' ancestor was guilty of no *laches* and they are not estopped. There was no forfeiture to the State at the time claimed by Johnson and he obtained no deed and his claim is not even color of title and the payment of taxes availed him nothing. The description set out in the forfeiture for taxes, 1882-3, is not sufficient. It is void on its face. The tax deed was void. 117 Ark.

151; 85 *Id.* 8; 83 *Id.* 196; 77 *Id.* 570. "Part." of particular division or subdivision is no description and a deed therefor is not even color of title. 83 Ark. 334. Plaintiffs were not barred by adverse possession. The burden was on defendants to show the bar. 106 Ark. 344; 62 *Id.* 56.

2. The failure of Minerva Bunch to pay her taxes and the payment of the taxes by Johnson did not bar appellants. 81 Ark. 296; 102 *Id.* 60; 103 *Id.* 251; 126 *Id.* 86. The payment of taxes by Johnson without color of title did not bar plaintiffs. 84 Ark. 320; 61 Ark. Law Rep. 563.

Minerva Bunch was not estopped by *laches,* nor are her heirs. *Laches* is not mere delay, but delay that works disadvantage to another. So long as the parties are in the same condition, one of them claiming title to land may assert it at any time within the limits of the law. 126 Ark. 86. The delay of Mrs. Bunch to assert her rights did not work to the disadvantage of Johnson, but on the contrary her failure to assert her rights worked to his advantage. *Laches* cannot be imputed to one justifiably ignorant of the facts creating his right of action and who has therefore failed to assert it. 16 Cyc. 169.

Johnson obtained no rights by his confirmation in 1915, but if so plaintiffs filed their petition to set aside the confirmation and set up title in themselves in time. 80 Ark. 411.

Appellants concede that Johnson should recover tract No. 1, which he had under fence for more than seven years, but as to Nos. 2 and 3 appellants should recover, as the payment of taxes alone by Johnson without color of title does not give title. Cases *supra.* Kirby's Digest, § 5056. The patent issued December 18, 1916, is a duplicate patent issued in lieu of the original certificate dated November 15, 1852. The title was transferred by the State to the levee district by the Acts of 1893 and 1895 and the title remained there until 1916, when the lands were conveyed to C. B. Bunch. Neither the forfeiture to the State for taxes of 1912 nor the deed of the

commissioner to C. B. Bunch in April, 1916, constituted color of title and both are void for uncertainty. The levee district is not estopped from asserting its title and its vendees are not estopped, as action was commenced within six months after title was acquired from the levee district and there were no *laches.* 93 Ark. 490; 128 *Id.* 555. As appellants are not barred by *laches* nor limitation, equity will follow the law. The decree should be reversed as to tracts Nos. 2 and 3, and appellants' motion to set aside the confirmation of title in Johnson should be sustained and appellants be permitted to defend against such confirmation.

*A. G. Little* and *P. A. Lasley,* for appellees.

Mrs. Bunch, appellants' mother, never owned the land nor had title. Plaintiffs must recover on the strength of their own title. 62 Ark. 57. Appellees are in actual possession of the lands and appellants must show a better title—a record title.

Bowen's deed to Moody was a quitclaim deed and only conveyed the title he had at the time, and any title subsequently acquired did not inure to the grantee. 76 Ark. 417; 94 *Id.* 306. A quitclaim deed will not estop one from asserting title subsequently acquired through a patent, when at the time it was executed the grantor had no interest, legal or equitable, but a mere right after the fulfillment of the statutory requirements to receive the title. 130 N. W. 837; 70 Mo. 52.

Appellants have failed to show title in their mother or themselves, but they are barred by gross *laches.* 5 Pomeroy Eq., par. 21-27. Twenty-eight years is an unreasonable delay. The decree below is right and should be affirmed.

HUMPHREYS, J. Appellants, sole and only heirs of Minerva E. Bunch, deceased, instituted suit in ejectment against appellees in the circuit court of Mississippi County, Chickasawba District, Arkansas, to recover the south one-fifth of the east one-half of section 27, township 15 north, range 10 east, in Mississippi County, containing

64 acres. Appellants alleged ownership and deraigned their title through *mesne* conveyances from the United States government to their mother; also claimed title under deed of date April 29, 1916, from C. B. Myers, State Land Commissioner, to C. B. Bunch, and under deed from St. Francis Levee District of date June 12, 1916, to C. B. Bunch.

Appellee A. J. Johnson filed answer denying all the material allegations of the complaint and claiming title under donation tax deed from the State of Arkansas of date June 17, 1892; under confirmation decree rendered by the chancery court of said county at the September, 1915, term thereof; and under the seven-year statute of limitations.

Appellee R. E. Brisendine also filed answer denying all the material allegations in the complaint and pleading title to the east half of the south one-fifth of said tract of land through *mesne* conveyances from A. J. Johnson and under the seven-year statute of limitations; also alleged betterments made under color of title and in good faith to the value of $2,000 on that portion of the land claimed by him.

The other appellees filed answer claiming rights as tenants under appellees, A. J. Johnson and R. E. Brisendine.

Appellants demurred to that portion of the answer of A. J. Johnson setting up the decree of confirmation. The demurrer was overruled.

Appellants then filed a motion to transfer the cause to the chancery court, and, by consent, the cause was transferred.

Thereafter, appellees Johnson and Brisendine, by separate answers, pleaded *laches* on the part of appellants and their grantors as a further defense.

The cause was heard by the court upon the depositions of certain witnesses showing that appellees nor their grantors had ever been in possession of the property; evidence responsive to the issues of limitations and *laches;* the following stipulation of the parties, to-wit:

"That the appellants claim title to the land sued for herein, under the following chain of title, and that the following deeds and conveyances were actually and lawfully executed and now appear of record. United States of America to the State of Arkansas, Swamp Land Patent, dated September 20, 1850; by patent from the State of Arkansas to the heirs and legal representatives of Chas. Bowen dated December 18, 1916; by quitclaim deed from Chas. Bowen and wife to G. E. Moody dated February 1, 1881, by quitclaim deed from G. E. Moody and wife to Ellen Patterson dated January 31, 1881; by warranty deed from Ellen Patterson to Minerva E. Bunch dated February 14, 1882; that the appellee, R. E. Brisendine, claimed title to the land under the following chain of title: By warranty deed from A. J. Johnson and wife to R. L. Reeder, dated November 29, 1910; by warranty deed from R. L. Reeder, single, to F. P. Satterfield, dated February 24, 1911; by warranty deed from R. L. Reeder and F. P. Satterfield, both single, to F. M. Davis, dated October 6, 1913; by warranty deed from F. M. Davis and wife to R. E. Brisendine, dated May 2, 1914;" and the following documentary evidence: Decree of the Mississippi Chancery Court in the case of *Listen, as Collector* v. *Archillion et al.,* condemning and ordering sold for delinquent levee taxes for the year 1893 four-fifths of the east half of section 27, township 15 north, range 10 east; the county clerk's certificate of forfeiture of part of east half of said section, township and range, to the State of Arkansas for the non-payment of the taxes for the years 1882 and 1883; donation deed from C. B. Myers, State Land Commissioner, to A. J. Johnson, to part of the east half of said section, township and range, forfeited to the State for taxes for the years 1882 and 1883; deed for forfeited lands from Wm. B. Owen, Commissioner of State Lands, to appellant C. B. Bunch to the south part of the southeast quarter of said section, township and range, forfeited for taxes of 1912; patent from Wm. B. Owen, Commissioner of State Lands, to the heirs of Chas. Bowen, deceased, dated December 18, 1916, reciting that

it was issued on a duplicate certificate dated the 18th day of December, 1916, and numbered 2853, in lieu of an original certificate dated the 15th day of November, 1852, for the southeast quarter of said section, township and range. On September 3, 1918, the court found the issues of law and fact in favor of appellees and dismissed appellants' suit, from which an appeal has been prosecuted to this court.

There is nothing in the record from which it can be inferred that appellants or their grantors were ever in the actual possession of the real estate in question. They must, therefore, depend, for a recovery, upon the strength of their record title and not the weakness of appellees' title. *Wolf* v. *Phillips,* 107 Ark. 374; *Brasher* v. *Taylor,* 109 Ark. 281. Appellants cannot recover on the strength of their title emanating from the levee board, because there is no showing that the levee board ever acquired the title from the State of Arkansas either by forfeiture for the nonpayment of taxes or under the donation act of 1893. The only evidence in the record tending to show that there was a forfeiture to the levee board for taxes is contained in the decree of the chancery court of Mississippi County, Arkansas, rendered in the spring term of 1895, in the case of *Listen, as Collector* v. *Archillion et al.,* in which lands were condemned for delinquent levee taxes for the year 1893. The description of the land in the decree is as follows: ''Four-fifths of the east half of section 27, township 15 north, range 10 east, 256 acres.'' This description was insufficient to identify or locate the land. *King* v. *Booth,* 94 Ark. 306. The deed from the St. Francis Levee Board was based upon this decree and passed no title to C. B. Bunch. The title to the land did not pass to the St. Francis Levee Board under the donation act of 1893 because prior to the passage of that act, to-wit: On the 15th day of November, 1852, the State of Arkansas had issued a certificate of purchase for said land to Chas. Bowen. This certificate of purchase was outstanding at the time the donation act of 1893 was passed and therefore the title to the real estate did not pass under the act to the

St. Francis Levee Board. Not having acquired title itself to the land in question, the St. Francis Levee Board passed no title to said land by its deed to C. B. Bunch. Neither can appellants recover on the strength of their title evidenced by deed from Wm. B. Owen, Commissioner of State Lands, to appellant C. B. Bunch, for the description of the land therein is insufficient to designate it. The description contained in that deed is: "South part of southeast quarter of section 27, township 15 north, range 10 west, 55 acres." Upon examination of appellants' chain of title through *mesne* conveyances from the Government of the United States to their mother, Minerva E. Bunch, as set forth in the stipulations filed herein, it appears from the deed from G. E. Moody, conveying said real estate to their grandmother, Ellen Patterson, bore date of January 31, 1881. The conveyance was made by a pure quitclaim deed. At the time of the execution of the quitclaim deed by G. E. Moody, he had no title whatever to the land in question. He acquired title himself thereto on the 1st day of February following, by quitclaim deed from Chas. Bowen. As the quitclaim deed from G. E. Moody only purported to convey such title as he had on January 31, 1881, and, not having any, conveyed nothing, the after-acquired title did not inure to the benefit of Mrs. Ellen Patterson. *Wells* v. *Chase,* 76 Ark. 417; *King* v. *Booth,* 94 Ark. 306. It follows the court was correct in holding that appellants did not have record title of sufficient strength upon which to recover. Under this view of the law, it is unnecessary to discuss the character of title held by appellee, or to determine the sufficiency of the proof to sustain the pleas of the statute of limitations and *laches.*

No error appearing in the record, the decree is affirmed.