Koonce v. Owens.

5-2908                    366 S. W. 2d 196

Opinion delivered April 1, 1963.

Burl C. Rotenberry, Cockrill, Laser, McGehee & Sharp, for appellant.

Marvin Holman, Mark E. Woolsey, for appellee.

GEORGE ROSE SMITH, J. The appellee sued for personal injuries sustained by her in a traffic accident that occurred in Pine Bluff. The jury's verdict was for the defendant, but the trial court granted a new trial, finding the verdict to be against the weight of the evidence. *Bockman* v. *World Ins. Co.,* 222 Ark. 877, 263 S. W. 2d 486. In appealing from this order the defendant has filed the required stipulation for judgment absolute if the order be affirmed. Ark. Stats. 1947, § 27-2101.

In a case of this kind the question is whether the trial court abused its discretion in ordering a new trial. As we said in *Blackwood* v. *Eads,* 98 Ark. 304, 135 S. W. 922: ''The witnesses give their testimony under the eye and within the hearing of the trial judge. His opportunities for passing upon the weight of the evidence are far superior to those of this court. Therefore his judgment in ordering a new trial will not be interfered with unless his discretion has been manifestly abused.''

Here we think the trial judge's action to have been clearly correct. There was hardly any question about the defendant's negligence. Just before the accident three cars were standing in line in the street, waiting for the forward car to make a left turn at an intersection. The defendant, without any apparent excuse, drove his car into the rear end of the third vehicle and propelled it with great force against the middle car, in which the plaintiff was riding as a passenger.

The plaintiff alleged that the impact caused a whiplash injury to her neck and back and also caused her to develop a severe case of diabetes. Whether the trauma could have caused diabetes was a sharply disputed question of fact, but the allegation of a whiplash injury was supported by the decided weight of the proof. Hence the trial judge did not abuse his discretion in setting aside the verdict for the defendant.

The judgment is affirmed and the cause remanded for a new trial upon the issue of damages only. Ark. Stats., § 27-2150.