McAdams v. Stephens

5-3707                                      399 S. W. 2d 504
Opinion delivered February 14, 1966
[Rehearing denied March 21, 1966]

*Spencer & Spencer,* By: *Don Gillaspie,* for appellant.

*Shackleford & Shackleford,* for appellee.

George Rose Smith, Justice. This is an action for personal injuries and property damage sustained by the appellant in a collision between his automobile and an ambulance owned by the appellee Andrews Funeral Home and being driven by its employee, the appellee Stephens. The jury returned a $1,000 verdict for the plaintiff. Despite the fact that the verdict and judgment were in his favor the appellant insists that the award is so inadequate that other prejudicial errors in the record entitle him to a new trial.

At the outset the appellant is confronted by our holding in *Smith* v. *Ark. Power & Light Co.,* 191 Ark. 389, 86 S. W. 2d 411 (1935), and later cases. In the *Smith* case we summarized our earlier decisions in this

language: "When substantial damages are awarded, a judgment will not be reversed because of inadequacy, if there be no other error than that committed by the jury in measuring the damages. But a judgment even for substantial damages will be reversed where the *undisputed* [our italics] testimony shows the damages to be inadequate, if error of a substantial and prejudicial nature was committed at the trial of the case."

Upon the testimony now before us the award of $1,000 is a substantial amount. Its inadequacy, however, is by no means an undisputed fact. Between the date of the collision and the date of the trial the plaintiff was involved in another collision and also suffered a heart attack. There is much uncertainty about the extent to which his injuries were caused by the first collision. Moreover, the testimony about his pain and suffering, his partial disability, and the like comes largely from his own lips and cannot be regarded as undisputed. If the jurors chose to resolve the conflicts in the evidence in the defendants' favor, as they may have done, the verdict is not demonstrably inadequate.

We are urged to overrule our declaration in the *Smith* case that a reversal for other error in the record will be ordered only when the *undisputed* testimony shows an award of substantial damages to be inadequate. We are not convinced, however, that there is available some other rule better calculated to achieve justice in most cases. When there is testimony, although it be disputed, that would support the verdict no one can say with confidence that the plaintiff was prejudiced by other asserted error in the record. In many, many cases the plaintiff is in a position to argue that his proof would have supported a somewhat larger verdict in his favor. In a great many of those same cases he is also in a position to argue that some irregularity in the trial amounted to prejudicial error.

But how serious must the inadequacy or the error be? If we should abandon the rule of the *Smith* case

we hardly see how we could, without sitting as a jury, deny a new trial on the ground that the verdict was only slightly inadequate or the other error only slightly prejudicial. No line could be drawn short of allowing a new trial in every case of inadequacy coupled with other error. Thus our adoption of a new rule would unavoidably lead to a host of new trials in cases in which the plaintiff had really received an adequate verdict in the first place and might often obtain no greater award upon a second trial. We cannot believe that the suggested departure from the doctrine of the *Smith* case would actually improve the administration of justice.

It is also contended that our earlier cases on the point involved the common-law rule of contributory negligence and were therefore defensible on the ground that the verdict for the plaintiff absolved him of any negligence, however slight, so that the inadequacy of the verdict was more readily apparent than it is under our present comparative negligence statute. That difficulty is one more of form than of substance. In the case at bar the issue of comparative negligence was submitted to the jury. During the oral argument before us counsel for the appellant voluntarily corrected a statement in his printed brief by conceding that under our statute his client's contributory negligence could not in any event have reduced his recoverable damages by more than half. Ark. Stat. Ann. § § 27-1730.1 and 27-1730.2 (Repl. 1962). Under that view it is evident that the comparative negligence act creates no real difficulty. For the jury to have returned a $1,000 verdict it must have found that the plaintiff's damages did not, without regard to his negligence, exceed $2,000 (less a penny). Thus under the comparative negligence statute a plaintiff can bring himself within the principle of the *Smith* case merely by showing that according to the undisputed evidence an award of twice the amount of the verdict would be inadequate. That slight change in the plaintiff's burden is not a sufficient basis for the demand that our earlier cases be overruled.

Affirmed.