FRED ALVIN BEELER *v.* JAMES WALTERS

5-3974                                              407 S. W. 2d 739

Opinion delivered November 7, 1966

*Wright, Lindsey & Jennings* and *William R. Overton,* for appellant.

*Acchione & King,* for appellee.

GEORGE ROSE SMITH, Justice. This is an action for personal injuries suffered by the appellee in a traffic accident in downtown Little Rock. The jury's verdict was for the defendant, but the trial judge set the verdict aside and ordered a new trial. This appeal is from that order, as the statute permits. Ark. Stat. Ann. § 27-2101 (Supp. 1965).

In a case of this kind we sustain the trial court's order unless the verdict is so clearly supported by the

preponderance of the evidence as to indicate an abuse of discretion on the part of the trial judge. *Koonce* v. *Owens*, 236 Ark. 379, 366 S. W. 2d 196 (1963). In this instance we find no abuse of discretion.

In the court below there was no question about the defendant's fault. Walters was seated as a passenger in a stationary car when it was struck from behind by Beeler's vehicle. The substantial issue for the jury was whether Walters's asserted injuries were real or feigned.

Walters testified that he was shaken up by the collision, that his knee struck the dashboard, and that he developed stiffness in his neck and in his back. Two days after the accident he consulted Dr. Murphy, who prescribed heat therapy and a supporting collar for Walters's neck, which he wore for about a week. Six months after the accident Walters's knee had become so painful that an operation was necessary.

Walter's testimony was by no means uncorroborated. The patrolman who investigated the collision at the scene stated that Walters appeared to be shaken up. Dr. Murphy testified that he found no objective signs of an injury to Walters's neck or back, but he accepted his patient's complaints and prescribed treatment accordingly. Dr. Murphy explained that the knee operation was for the removal of a cyst that antedated the accident and might have been aggravated by it.

At the trial the principal issue was unquestionably that of credibility. The trial judge, who hears the testimony as it is given, is in a much better position than we are to determine where the weight of the evidence lies. Here we cannot say that his determination is contrary to the preponderance of the testimony.

Affirmed.

Amsler, J., not participating.