CHIRD BOBBITT *v.* W. L. BRADFORD ET UX

5-4054                                         409 S.W. 2d 339

Opinion delivered December 19, 1966

*John M. Lofton Jr.,* for appellant.

*Gordon & Gordon,* for appellees.

ED. F. McFADDIN, Justice. This is an appeal from the order of the Circuit Court granting a new trial (Ark. Stat. Ann. § 27-2102 [Repl. 1962], as amended by Act No. 547 of 1963).

Appellees, Mr. and Mrs. Bradford, filed this action against appellant, Chird Bobbitt, for damages alleged to have resulted from his negligence in a traffic mishap. Trial to a jury resulted in a verdict for Mrs. Bradford for $3,000.00 and for Mr. Bradford for $100.00 The Bradfords filed a motion for new trial, which the Court granted. Appellant resisted the motion for new trial and has appealed from the order granting it, urging one point:

"The Circuit Court erred in setting aside the verdicts of the jury and in granting a new trial."

We find no reversible error committed by the Trial Court in granting the new trial in this case. Ark. Stat. Ann. § 27-1901 (Repl. 1962) authorizes the Trial Court to grant a new trial for any of eight grounds. The fifth and sixth of these grounds are:

"Fifth. Error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract or for the injury or detention of property.

"Sixth. The verdict or decision is not sustained by sufficient evidence, or is contrary to law."

In the case at bar, in granting the new trial the Court said: "It is the opinion of the Court that the verdict of the jury is against the weight of the evidence and that a new trial should be granted."

Appellant cites us to such cases as *Smith* v. *Arkansas Power & Light Co.*, 191 Ark. 389, 86 S. W. 2d 411; and *McAdams* v. *Stephens*, 240 Ark. 258, 399 S. W. 2d 504. These cases hold that where substantial damages are awarded, a judgment will not be reversed because of inadequacy of the damages unless there be some other error committed by the jury in measuring the damages. These cases are not applicable to the situation in the case now before us because (a) no judgment was entered on the jury verdict; and (b) even if there had been a judgment entered on the jury verdict, the Trial Court had inherent power during the term to set aside its own judgment. *Union Saw Mill* v. *Langley,* 188 Ark. 316, 66 S. W. 2d 300; *Hill* v. *Wilson,* 216 Ark. 179, 224 S. W. 2d 797; *Big Rock Co* v. *Hoffman,* 223 Ark. 342, 344 S. W. 2d 585.

In the recent case of *Beeler* v. *Walters,* 241 Ark. (adv. sh) 358, 407 S. W. 2d 739, we had occasion

to consider the action of the Trial Court in setting aside a jury verdict, and we there said:

> "In a case of this kind we sustain the trial court's order unless the verdict is so clearly supported by the preponderance of the evidence as to indicate abuse of discretion on the part of the trial judge. *Koonce* v. *Owens,* 236 Ark. 379, 366 S. W. 2d 196 (1963). In this instance we find no abuse of discretion."

The language just quoted is ruling here.

Affirmed.