ARTHUR DOREY, JR. ET AL v. HARRY MCCOY AND
MONTE NE SHORES, INCORPORATED

5-4952                                            442 S.W. 2d 202

Opinion Delivered June 9, 1969

*Davis Duty* for appellants.

*Hardy Croxton* for appellees.

JOHN A. FOGLEMAN, Justice.    Appellants instituted an ejectment action in which they claimed that appellees had constructed a road across appellants' lands (consisting of lots 20, 22 and 40) for a connection with appellees' adjacent lands.    Included in the complaint was a prayer for damages in the sum of $5,000.    It was not seriously disputed that appellees had caused such a road to be constructed, the old road having been inundated by the waters of Beaver Lake.    The principal items in dispute were the location of the particular lots in relation to the road and the amount of damages.    During the trial the court permitted the jury to view the premises. The court instructed them to stay together under the charge of the bailiff and to talk to no one about the case.

One of the jurors left the group and proceeded to the site on his own in advance of the others.

Appellants introduced the testimony of Harold J. Pranter, who was a consulting engineer and land surveyor, together with a survey of the lands in question prepared by him. The survey indicated a road superimposed over portions of lots 20, 21, 22, 30 and 40. On cross-examination the witness indicated that the lot lines were not certain from an engineering standpoint because the plats available did not contain bearings or distances. He testified that his survey was predicated on calculations based on the Corps of Engineers' estimate of where the original town of Monte Ne was placed on their grid map. Mr. Pranter calculated that the portion of the road shown on his survey constituted roughly 12,000 square feet and was 300 feet long.

Marvin Head, who was in the earth moving business, testified on behalf of appellants that removal of the entire road would involve moving 2,000 yards of material at a cost of $1.00 to $1.10 per yard.

Arthur Dorcy, Jr., one of the appellants, testified on cross-examination that approximately one-quarter of the road is in lot 21 which they did not claim.

Appellees' witness Bob Crafton, civil engineer and land surveyor, testified that no lot on the W. T. Patterson plat could be located with any degree of accuracy and that basically everything in Monte Ne is a guess. He stated that by the method of scaling and estimating and assuming some information he could possibly get within five hundred feet but that he could not get as close as a hundred feet to the actual lines.

At the close of the evidence the case was submitted to the jury which returned a verdict in favor of appellants for damages in the sum of $1,800 and a judgment ejecting appellees from the lands in question. There-

after, appellees made a motion which alleged that the undisputed testimony established that $2,200 was the maximum figure introduced into evidence for the cost of removing the entire road and that appellees had admitted on cross-examination that one-quarter of the road was on lot 21 which appellees did not claim; therefore the judgment should be reduced to $1,650 notwithstanding the verdict of the jury. The court granted this motion and a judgment was entered in the amount of $1,650 against appellants.

Subsequently, appellees made a motion for a new trial and as grounds therefor alleged, among others, that the verdict or decision was not sustained by sufficient evidence and was contrary to law, and that after entry of said judgment it became known to appellees that a member of the jury had, in violation of specific instructions of the court, independently proceeded to the situs of the property and arrived there approximately one hour prior to the other jurors. Accompanying the motion was an affidavit by the bailiff which reiterated the substance of the allegation in the motion. The court granted the motion for a new trial on the grounds that the verdict was excessive and because of the action of the juror in leaving the body of the jurors in violation of the court's instruction. Appellants appeal from the granting of the new trial and from the granting of the motion to reduce the jury verdict from $1,800 to $1,650.

Appellants argue that the trial court erred in granting appellees' motion for a new trial for excessiveness of the verdict. Arkansas Statutes Annotated § 27-1901 (Repl. 1962) provides, in part, that a new trial may be granted when there is "error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract or for the injury or detention of property." Whenever a trial judge grants a motion for a new trial we will not reverse his ruling unless it appears that he abused his discretion. *Bobbitt v. Bradford*, 241 Ark. 697, 409 S.W. 2d 339; *Meyer v. Bradley*, 245 Ark. 574, 433 S.W. 2d 160.

In order to sustain an action in ejectment plaintiff must establish that he is legally entitled to possession of the property. Ark. Stat. Ann. § 34-1401 (Repl. 1962). Plaintiff must succeed, if at all, on the strength of his own title and cannot depend on the weakness of the defendant's title. *Bunch* v. *Johnson,* 138 Ark. 396, 211 S.W. 551; *Knight* v. *Rogers,* 202 Ark. 590, 151 S.W. 2d 669. The evidence in this case does not establish by a clear preponderance where lots 20, 22, and 40 are in relation to the road. Appellants' witness admitted his survey, which purported to show those portions of the lots which had been taken by the road, had been prepared upon the assumption that the Corps of Engineers' plat was correct, and he stated that he had no personal knowledge whether it was correct or not. He further testified that if he were told to locate lot 1, block 54, or any lot in any part of Monte Ne, he could not find and stake out that lot with any reasonable degree of certainty. He admitted that his survey was based on the only available information. This witness's testimony actually agreed with appellees' witness, Bob Crafton, except that they differed as to the degree of error likely in trying to locate the lots in question. Because of this uncertainty, the trial judge obviously felt there was error in the amount of damages awarded. We cannot say that he abused his discretion in granting a new trial.

Inasmuch as the court's action in granting a new trial on the basis of insufficient evidence to support the verdict was not an abuse of discretion, we need not consider the question of whether the granting of a new trial because of the actions of the juror was an abuse of that discretion.

Appellants argue that it was error for the court to grant the motion for a new trial after it had already granted the motion to reduce the jury award. Appellants style the first motion as a motion for a judgment notwithstanding the verdict and argue that it is inconsistent to grant both. Actually, the first motion was

in the nature of a request for a remittitur such as is provided for in Ark. Stat. Ann. § 27-1903 (Repl. 1962) and not a motion for judgment notwithstanding the verdict. See *Fulbright* v. *Phipps,* 176 Ark. 356, 3 S.W. 2d 49. The two motions would not be inconsistent because, under the statute, the alternative to remittitur is a new trial. If there was error in granting the motion for reduction of the verdict it was harmless error in view of the fact that the trial judge did not abuse his descretion in granting a new trial.

Even if this motion were considered as one for a judgment notwithstanding the verdict it would not have been inconsistent with a motion for a new trial. In *Montgomery Ward & Company* v. *Duncan,* 311 U.S. 243, 61 S. Ct. 189, 85 L. Ed. 147, it was said, "A motion for judgment notwithstanding the verdict did not, at common law, preclude a motion for new trial. And the latter motion might be, and often was presented after the former had been denied."

The judgment is affirmed.

BYRD, J., concurs.

ARTHUR DOREY, JR., ET AL, *v.* HARRY McCOY AND MONTE NE SHORES, INCORPORATED

5-4952                                   442 S.W. 2d 202

Supplemental Opinion on Rehearing July 14, 1969

*Davis Duty* for appellants.

*Hardy Croxton* for appellees.

JOHN A. FOGLEMAN, Justice. In their petition for rehearing, appellants call our attention to a statement

in our original opinion that they appealed from the trial court's action reducing the damages awarded by the jury from $1,800 to $1,650. This statement was erroneous, even though one of the points relied upon by appellants here was the sufficiency of the evidence to support the jury award of $1,800. The opinion should have stated that appellants appealed from the granting of the new trial and argued, on appeal, that the evidence was sufficient to support the jury's award of $1,800 in damages.

Appellants also allege that we have totally disregarded evidence adduced by appellants tending to show adverse possession of the lands on which the road in question was located in holding that there was such uncertainty as to the location of the lots upon which they claimed the road in question had been placed that we could not say that the trial judge abused his discretion by granting a new trial for error in the assessment of the amount of recovery. There was testimony by one of the appellants that the land occupied by his father, under whom appellants claim, included the road. On cross-examination this witness admitted that he never knew the exact boundary lines other than his father's house and its immediate environment. On redirect examination, these questions were asked and answers given:

"Q. You have stated you didn't know exactly where your boundaries were until the survey was run?

A. That's right.

Q. Did you have a general idea of the land that you claimed?

A. I know what my father claimed, yes.

Q. Did the land that your father, and you subsequently, claimed the land that now has a road on it?

A. Yes. I couldn't verify that till afterwards, though.

Q. Pardon?

A. I say I couldn't verify it till after, but it was the part that we thought was ours.

Q. The land you claimed is the part the road is on?

A. Yes."

The same witness then admitted that approximately one-quarter of the road was on a lot not claimed by appellants. We agree with appellants' statement in their original brief that evidence as to the portion of the road located on lands other than those claimed by appellants was not direct or definitive and that it might have left the jury wandering in the realm of conjecture. We do not agree with appellant that the burden of producing direct and definitive evidence on this essential element of appellants' measure of damages was upon appellees. Even though this evidence was not specifically mentioned in our original opinion, it was considered. We are still unable to say that the evidence so clearly preponderated in appellants' favor on the question of damages that the trial judge abused his discretion by granting a new trial. Under such circumstances, we sustain the action of a trial court granting a motion for new trial. *Bobbitt* v. *Bradford*, 241 Ark. 697, 409 S.W.2d 339.

Appellants also vigorously urge that the trial court acted under Ark. Stat. Ann. § 27-1903 (Repl. 1962) and was thereby barred from granting a new trial after having ordered a reduction of the damages. Although it was stated in the original opinion that appellants' motion for reduction of the verdict was in the nature of a motion under that section, neither the appellants, the trial court nor this court categorized the motion as

having been filed under that section.[1]  That section is not the basic authority for reduction of a jury verdict by a trial court. Such action is within the inherent powers of the trial court aside from and independent of that statute.  *Dierks Lumber & Coal Company* v. *Noles*, 201 Ark. 1088, 148 S.W. 2d 650.  Section 27-1903 only purports to limit that basic power in certain cases. This court has reversed the judgment of a trial court and ordered a new trial in a case wherein the appellee's attorneys offered to file a remittitur in the amount by which the trial judge found the verdict to be excessive. See *Jamison* v. *Spivey*, 197 Ark. 698, 125 S.W. 2d 453. While it is true that this court found that that verdict was still excessive, there would be no reason why the trial court could not grant the same relief, if it felt that there was still error in the assessment of damages in actions upon contracts or for injury to or detention of property.

If it is applicable at all, § 27-1903 might have prevented the filing of a motion for new trial, if appellees had offered, or could be required, to file and enter of record a release of all errors that may have accrued at the trial upon appellants' remitting the amount by which the judgment was held to be excessive.  There is no indication that appellees waived any errors in the trial nor is there any showing that appellants remitted the excess.  The requirement that a litigant surrender his right of appeal as a condition upon which he may accept the reduction of an excessive verdict by the trial court has been held to be beyond the power of the legislature as a violation of Article 7, Section 4 of our Constitution.  *St. Louis & N. A. Rd. Co.* v. *Mathis*, 76 Ark. 184, 91 S.W. 763, 113 Am. St. R. 85.  If we accepted appellants' theory that the two motions were so inconsistent that the motion to reduce precluded a motion for new trial, we would be imposing the same

---

[1]This section may be applicable only to those cases wherein the damages are not susceptible of definite pecuniary measurement, as in cases involving pain and suffering, etc.

penalty upon a litigant. There is no logical reason why this court could so deny the right of appeal under the constitutional provision if the General Assembly could not.

Not only did appellants fail to enter a remittitur in the amount found excessive by the trial court, but they argue here that the court erroneously treated the jury's verdict of $1,800 as excessive. Their action is tantamount to a refusal to enter the remittitur, and would have justified the granting of a new trial, if § 27-1903 applies. *Kroger Baking Company* v. *Melton,* 193 Ark. 494, 102 S.W. 2d 859. Appellants cite no authority for their position that the filing or granting of a motion to reduce a verdict precludes the granting of a motion for a new trial.

Appellants also insist that the first motion was for judgment notwithstanding the verdict. Ordinarily that motion is for the purpose of obtaining a judgment reaching the opposite result from the jury's verdict, e.g., a judgment for defendant when the verdict was for the Plaintiff. It can only be granted when the judgment sought by the movant is the *only* result that could be reached on the basis of the pleadings or the undisputed evidence. *Fulbright* v. *Phipps,* 176 Ark. 356, 3 S.W. 2d 176; *Spink* v. *Morton,* 235 Ark. 919, 362 S.W. 2d 665. A motion for judgment notwithstanding the verdict may only be entered before the entry of Judgment. *Oil Fields Corporation* v. *Cubage,* 180 Ark. 1018, 24 S.W. 2d 328. A litigant should not be required to waive the right to seek a new trial in order to ask for judgment notwithstanding the verdict, when the latter relief cannot be sought after judgment is entered. Failure to make a timely motion to reduce a verdict would constitute a waiver of that relief.

While there are some decisions to the contrary, it is held in a number of jurisdictions that a successful

or unsuccessful motion for judgment notwithstanding the verdict does not constitute a waiver of or bar to the granting of a new trial. See *Jolley* v. *Martin Bros. Box Co.*, 158 Ohio St. 416, 109 N.E. 2d 652 (1952), and cases cited therein. See also *Sallden* v. *City of Little Falls*, 102 Minn. 358, 113 N.W. 884, 13 L.R.A. (n.s.) 790, 120 Am. St. R. 635 (1907). The case cited in the original opinion, even though based upon the Federal Rules of Civil Procedure, supports this position. The Supreme Court of the United States there held that a trial court should pass on an alternative motion for new trial even though it granted judgment notwithstanding the verdict. Partial support for that holding was found in the common law rule quoted in the original opinion. Even if the motion here is properly one for judgment notwithstanding the verdict, it did not bar the granting of a new trial.

While it may well be that the trial court in instances such as this would not err in giving a moving party his election of a reduction of a verdict or a new trial, we still cannot say that his failure to do so is an abuse of discretion.