JEROME HEIL *v.* LESLIE EARL ROE, ADMINISTRATOR OF THE ESTATE OF JEFFREY ROE, DECEASED

5-5992              484 S.W. 2d 889

Opinion delivered October 2, 1972

*Cockrill, Laser, McGehee, Sharp & Boswell,* for appellant.

*McMath, Leatherman & Woods,* for appellee.

J. FRED JONES, Justice. This appeal arises from a wrongful death action brought in the Pulaski County Circuit Court by Leslie Earl Roe as administrator of the estate of his minor son, Jeffrey. The question presented is whether the trial judge abused his discretion in setting aside a jury verdict and granting a new trial. We are of the opinion that he did not.

About 4:30 p.m. on September 19, 1969, Jeffrey Roe, the eight year old son of Leslie Earl Roe, was walking his bicycle east across Reservoir Road in Pulaski County when the appellant, Jerome Heil, while driving his automobile north on Reservoir Road, came over a hill and skidded 115 feet striking and fatally injuring Jeffrey. The complaint filed by Mr. Roe alleged mental anguish and loss of services to the mother's and father's damage in the amount of $100,000 and mental anguish to one brother and two sisters in the amount of $25,000 each. The complaint also alleged damages to the estate of Jeffrey Roe for medical and funeral expenses in the amount of $2,500 and judgment was prayed in these amounts. The answer of Mr. Heil denied any negligence on his part but alleged that the proximate cause of the injury and death of young Roe was the negligence of young Roe and the negligence of Mr. and Mrs. Roe in permitting their youngster to play upon public streets and to ride a bicycle thereon without proper supervision.

A jury trial resulted in a verdict for the plaintiff but with damages assessed at zero on each element of alleged

damages except on behalf of the estate of Jeffrey Roe. The only elements of damage alleged or proven on behalf of the estate were medical and funeral expense. The total of these liquidated items amounted to $2,802 and as already stated, the complaint only alleged and prayed damages on these items in the amount of $2,500. On this item the jury verdict recited as follows: "For and on behalf of the estate of Jeffrey Roe $5,000.00."

We find it unnecessary to set out the instructions given to the jury or to set out and evaluate the arguments of the parties as to the propriety and necessary effect of the verdict under the instructions as given, for in granting the new trial the trial court set out his reasons for doing so as follows:

"(1) The court erroneously refused plaintiff's instruction No. 12, which would have correctly submitted the parents' claim on the same basis as that of the estate. In other words, upon reflection the court holds that the right of the parents to recover was dependent upon the negligence of decedent, Jeffrey Roe, since there was no evidence of independent negligence on the part of the parents.

"(2) After refusing plaintiff's instruction No. 12, the court gave instructions No. 12A and 12B which submitted the issue of the parents' negligence to the jury. Upon reflection the court holds that there was no evidence of negligence on the part of the parents and this issue should not have been submitted. Instruction No. 12A and 12B should not have been given.

"(3) Even assuming that the parents were guilty of negligence under the testimony of this case, the jury by its verdict found that the decedent, Jeffrey Roe, was not negligent, since it awarded full damages to his estate. Any negligence of the parents could not therefore have been the proximate cause of Jeffrey Roe's death.

"(4) The court further holds that, even if the jury was correctly instructed on the issue of the parents'

negligence, the finding by the jury that the parents were negligent in any equal or greater degree than the defendant or that the parents did not suffer damage in the death of their son was against a preponderance of the evidence.

"(5) The finding of the jury that the brother and sisters of Jeffrey Roe did not sustain damage in his death is against the preponderance of the evidence."

Returning now to the primary question before us, we have held that a trial judge who explained in detail that, by refusing an instruction, he had, in his opinion, failed to present the issues, exercised his inherent power to grant a new trial in his sound discretion, and not arbitrarily. *Hardin* v. *Pennington,* 240 Ark. 1000, 403 S. W. 2d 71. See also *Millers Cas. Ins. Co. of Texas* v. *Holbert,* delivered on September 18, 1972, 253 Ark. 69, 484 S.W. 2d 528.

In *Blackwood* v. *Eads,* 98 Ark. 304, 135 S. W. 922, we pointed out that this court will much more reluctantly reverse the final judgment in a cause for error in granting than for error in refusing a new trial. Such reluctance is based on sound and practical reasoning. In the first place any competent judge is simply not as likely to find and admit error where none exists as he is to overlook or fail to recognize or accept error where it does exist. In the second place, final justice may be totally denied by the wrongful refusal of a new trial whereas final justice should be only postponed by the wrongful granting of a new trial. See *Worth James Constr. Co.* v. *Herring,* 242 Ark. 156, 412 S. W. 2d 838.

The granting of a new trial addresses itself to the sound discretion of the trial court, and this court will not reverse a trial judge's granting of a new trial unless it appears that he has abused his discretion. *Dorey* v. *McCoy,* 246 Ark. 1244, 442 S. W. 2d 202. We find no such abuse of discretion in this case.

On cross-appeal the plaintiff-appellee urges that the new trial should be limited to the issue of damages. He argues that since neither side challenged the jury verdict

for the estate and since such finding under correct instructions necessarily showed that the decedent, Jeffrey Roe, was not negligent, and that the defendant Jerome Heil was negligent, the verdict automatically established liability in favor of the parents. He argues that since the trial court properly held that there was no negligence upon the part of the parents, they should now only have to prove damages. We are not impressed by this argument. The jury returned a "form verdict" with zero dollars inserted for all parties plaintiff with the exception of the estate of Jeffrey Roe, and the verdict on this item appears as follows:

> "For and on behalf of the estate of Jeffrey Roe $5,000.00."

As already stated, it was not the jury who found that the damage to the estate was $2,802, the parties simply agreed that that was the total amount of damage sustained by the estate and was the total amount recoverable in any event. As we view the instructions and evidence of record, it is impossible for us to determine what the jury intended when it awarded $5,000 for and on behalf of the estate of Jeffrey Roe. Certainly we are not inclined to second guess the trial court on this point, so we conclude that the trial court did not abuse its discretion in setting aside the entire verdict in this case and granting a new trial as to all issues. The judgment of the trial court is affirmed.

Affirmed.