James Quinten SMITH et ux v.
Theta C. VILLARREAL

5-6094                                    486 S.W. 2d 671

Opinion delivered November 27, 1972

*Smith, Williams, Friday, Eldredge & Clark,* by: *Michael G. Thompson,* for appellant.

*Kenneth Coffelt,* for appellee.

J. Fred Jones, Justice. This is an appeal by James Quinten Smith and his wife from a judgment of the Pulaski County Circuit Court setting aside a jury verdict and granting a new trial in a suit for personal injuries and property damage.

The facts of record indicate that Mrs. Smith and Mrs. Villarreal sustained personal injuries and damage to the automobiles they were driving when the automobiles collided headon while traveling in opposite directions on state Highway 294. Mrs. Villarreal filed suit against Mr. and Mrs. Smith and the Smiths counterclaimed against Mrs. Villarreal, each alleging that their alleged damages were the proximate result of the other's negligence. There was conflicting evidence on the primary issue before the trial court as to the relative position of the two automobiles on the highway in relation to their proper lanes for traffic at the time of impact.

The jury returned a verdict for Mr. and Mrs. Smith upon the complaint of Mrs. Villarreal and in favor of Mrs. Villarreal on the counterclaim of Mr. and Mrs. Smith. Mrs. Villarreal as well as Mr. and Mrs. Smith moved to set aside the respective verdicts against them as being not sustained by sufficient evidence (Ark. Stat. Ann. § 27-1901 [Repl. 1962]), and both parties prayed for a new trial as to the issues against the other. The trial court granted both motions and entered an order setting aside the verdicts as to both parties and granting a new trial on all issues. Mr. and Mrs. Smith have appealed and designate the point upon which they rely as follows:

"The trial court invaded the province of the jury and abused its discretion in setting aside the verdicts in this case."

Both sides argue that the preponderance of the evidence is in their favor in this case. The trial judge went to considerable length in reviewing the evidence and in stating his reasons for concluding that the jury verdicts were not sustained by sufficient evidence. We have examined the entire record and find no evidence that the trial court abused its discretion in setting aside the verdicts and granting a new trial in this case.

We have held that the granting of a new trial addresses itself to the sound discretion of the trial court and that this court will not reverse unless it appears that the trial court has abused its discretion. Our holdings on this point have been so often and consistent we consider it unnecessary to quote from former opinions. See, however, *Richardson* v. *State,* 47 Ark. 562; *Blackwood* v. *Eads,* 98 Ark. 304, 135 S. W. 922; *Mo. Pac. Rd. Co.* v. *Brewer,* 193 Ark. 754, 102 S. W. 2d 538; *Worth James Constr. Co.* v. *Herring,* 242 Ark. 156, 412 S. W. 2d 838; *Mo. Pac. R.R. Co.* v. *Clark,* 246 Ark. 824. 440 S. W. 2d 198: *Dorev* v. *McCoy,* 246 Ark. 1244, 422 S. W. 2d 202; *Heil* v. *Roe,* 253 Ark. 139, 484 S.W. 2d 889.

The judgment is affirmed.