ARKANSAS STATE HIGHWAY COMMISSION
*v.* Joe TAYLOR Jr. et al

76-91                                                          542 S.W. 2d 498

Opinion delivered October 25, 1976
[Rehearing denied November 22, 1976.]

*Thomas B. Keys* and *Philip N. Gowen*, for appellant.

*Lightle, Tedder, Hannah & Beebe*, for appellees.

Elsijane T. Roy, Justice. This action involves the second appeal of this condemnation case. See *Arkansas State Highway Commission* v. *Taylor*, 256 Ark. 681, 509 S.W. 2d 817 (1974).

Upon the second trial in July, 1975, the jury returned a verdict in the amount of $56,550. Appellees filed a motion to set aside the verdict, and on September 5, 1975, the trial court, in response to the motion, granted a new trial to

appellees. From said order this appeal is brought.

Ark. Stat. Ann. § 27-1901 (Repl. 1962) governing the granting of a new trial reads in material part as follows:

"New trial" defined — Grounds — A new trial is a re-examination in the same court of an issue of fact after a verdict by a jury or a decision by the court. The former verdict or decision may be vacated and a new trial granted, on the application of the party aggrieved, for any of the following causes, affecting materially the substantial rights of such party:

First. Irregularity in the proceedings of the court, jury or prevailing party, or any order of court or abuse of discretion, by which the party was prevented from having a fair trial.

Effective January 1, 1975, this Court adopted Rule 16 of the Uniform Rules of Procedure for Circuit, Chancery and Probate Courts which required the lower court to set out with particularity the specific ground or grounds for its decision in the order granting a new trial. The trial court complied with Rule 16, and the order setting aside the verdict and granting the new trial enumerated four grounds.

The first ground was the error of the clerk in preparing the list of jurors submitted to the parties for the purpose of making their strikes. The order states:

(a) Because of the irregularity in the proceedings of the Court, in that the name of one of the jurors was omitted from the list of jurors prepared by the Clerk and submitted to the parties for the purpose of making their strikes; that said list did not contain 18 names, but only had thereon 17; that after the parties made their strikes the Court then added the name of the 18th juror, to wit, one Dee Barnes.

The list of persons drawn and called, which was prepared by the clerk of the court, omitted the name of Dee Barnes. This was clearly an irregularity in the proceedings of the court. This error became more important when Mr.

Barnes became the foreman of the jury.

We have held many times that a trial judge's order granting a new trial upon a statutory ground should not be reversed in the absence of manifest abuse of his discretion. *Law v. Collins*, 242 Ark. 83, 411 S.W. 2d 877 (1967); *Blackwood v. Eads*, 98 Ark. 304, 135 S.W. 922 (1911). The showing that this discretion was abused must be much stronger when a new trial has been granted than when it is denied. *Worth James Construction Co. v. Herring*, 242 Ark. 156, 412 S.W. 2d 838 (1967); *Heil v. Roe*, 253 Ark. 139, 484 S.W. 2d 889 (1972). We find no abuse of discretion by the trial court in this case.

Since the first reason given by the trial court for granting a new trial constitutes sufficient justification for this action, we need not discuss those additional grounds enumerated in the order.

Affirmed.

We agree. HARRIS, C.J., and BYRD and HOLT, JJ.